380 So.2d 558 (1980)
The GREAT ATLANTIC & PACIFIC TEA CO., Crawford & Co., Appellants,
v.
George R. WOOD, Appellee.
No. QQ-142.
District Court of Appeal of Florida, First District.
March 4, 1980.
D.C. Anderson, of Anderson & Spangler and Stephen J. Wein, St. Petersburg, for appellants.
Kurt Preston Hampp, of Jacobs, Robbins & Gaynor, St. Petersburg, for appellee.
WENTWORTH, Judge.
The appellant/employer appeals a workers' compensation order entered March 19, 1979, construing § 440.15(10)(a), Fla. Stat., to require exclusion of cost of living increases from federal social security benefits in computing the 80% wage limitation for purpose of offset against compensation payments under Florida law. We affirm. Accord: A.C. Scott Construction v. Miller, IRC Order 2-3906 (Sept. 11, 1979); Beulah Baptist Church v. Brantley, IRC Order 2-3907 (Sept. 11, 1979).
The controlling law as amended in 1975 and 1976 provides:
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. paragraph 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee, had such employee not been entitled to benefits under this Chapter, under 42 U.S.C. paragraph 423, and paragraph 402, does not exceed 80% of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than they would have otherwise been reduced under 42 U.S.C. paragraph 424(a).

Section 440.15(10)(a), Fla. Stat. (1975).
Appellant contends that this provision is (1) void for vagueness, and alternatively that (2) the order in question construes the law contrary to its expressed 80% wage *559 limitation policy, and (3) results in unconstitutional delegation of legislative authority to a federal agency.
Neither the face of the law nor the record before us supports appellant's position on the constitutional issues, on which we are referred by appellant's brief to Freimuth v. State, 272 So.2d 473 (Fla. 1972), and Brazil v. Division of Administration, State Department of Transportation, 347 So.2d 755 (Fla. 1st DCA 1977); 10 Fla.Jur.2d Constitutional Law, § 176. The statute is not in terms ambulatory, and the order appealed makes no reference to any change in the federal law after enactment of the Florida amendment. The testimony received in this case as to federal administrative interpretation would appear to represent a reasonable view of the intendment of the U.S. Code provision cited by the Florida law. As noted in Miller, supra,
[T]here apparently is no provision in the federal law for including federal social security disability cost of living increases in computing what the federal social security disability offset otherwise would have been... . The amount of the federal disability offset is not altered under the federal law by any amount of subsequent federal social security cost of living increases. It follows that the state carrier's compensation offset on or after June 26, 1975 cannot exceed the precise amount that the federal offset otherwise would have been.
This construction accords a logical effect to the language of the amendment, supra, when it is read in context to reach a rational result, by which the term "they" refers to benefits generally. The appellant's vagueness argument therefore has no merit.
The remaining point asserts conflict with the policy of our law as to an 80% wage limitation on benefits. The order appealed in this case properly finds in this respect:
2. The eighty percent ceiling on compensation benefits has been held to be constitutional in Florida in Thomas v. City of Vero Beach, DLS 4-3555 (1978).
3. It has further been held that the five percent annual increment or supplement under F.S. 440.15(1)(e) may not exceed the eighty percent limitation contained in F.S. 440.15(10), Department of Commerce v. Loggins, IRC Order 2-3137 (April 13, 1977).
.....
8. Although at first glance it might seem inequitable or harsh that a claimant may receive more than eighty percent of his average weekly wage because of cost of living increases, the cost of living increases actually reflect the diminution of the value of the dollar and the fact that the claimant's average weekly wage may not at present adequately or accurately reflect a basis upon which to determine and pay workmen's compensation or Social Security benefits. The fact that the five percent supplemental benefit has been declared and held to be limited by the eighty percent maximum is not dispositive of the Social Security cost of living increase because one is a State benefit specifically described and limited by the Workmen's Compensation Law while the other is a Federal benefit which the Workmen's Compensation Law specifically states shall be governed and controlled by Federal, as opposed to State, law.
9. There is a further and additional problem in computing the Social Security offset. That is, the Social Security Administration bases its payments on a monthly schedule whereas the State payments are on a weekly schedule. The Social Security Administration talks of average current earnings whereas the Workmen's Compensation Administration language is average weekly wage... Even though it seems that a yearly basis would be more appropriate, the Court is compelled to arrive at deductions on a weekly basis because the entire Workmen's Compensation Law is framed in that fashion... .
10. [T]he weekly Social Security figure shall be hereinafter derived by dividing each month into 4.3 weeks... .
The order is affirmed.
ROBERT P. SMITH, Jr., and LARRY G. SMITH, JJ., concur.