Alvin ENGELBRECHT,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Mobile Premix Con-
crete, Inc., Industrial Commission of
the State of Colorado, and Charles
McGrath, Director of the Colorado Di-
vision of Labor, Respondents.

In the Matter of Stanley DAILEY,
Petitioner,

v.

INDUSTRIAL COMMISSION OF the
STATE of Colorado, KSA Hydromec,
Inc., and State Compensation Insur-
ance Fund, Respondents.

Nos. 82SC292, 82SC231.

Supreme Court of Colorado,
En Banc.

April 23, 1984.

Paul W. Conaway, Denver, for petitioner in No. 82SC231.

William J. Baum, James A. May, Richard G. Fisher, Denver, for KSA Hydromec, Inc., and State Compensation Ins. Fund.

Colo. Defense Lawyers Ass'n, Robert A. Weinberger, Tama L. Levine, Denver, amicus curiae.

Fredric A. Ritsema, John W. Trueax, Hall & Evans, Denver, for petitioner in No. 82SC292.

Albert E. Zarlengo, Jr., Tama L. Levine, Zarlengo, Mott & Zarlengo, Denver, for Hartford Acc. and Indem., and Mobile Premix Concrete, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Alice L. Parker, Christa D. Taylor, Asst. Attys. Gen., Denver, for Indus. Com'n of the State of Colo., and Charles McGrath.

DUBOFSKY, Justice.

We granted petitions for certiorari to review the judgments of separate panels of the Court of Appeals in *Dailey v. Industrial Commission,* 651 P.2d 1223 (Colo.App. 1982), and *Engelbrecht v. Hartford Accident & Indemnity Co.,* 652 P.2d 1105 (Colo.App.1982). Both panels held that under section 8–51–101(1)(c), C.R.S., cost-of-living increases to federal social security disability benefits may be deducted from state workers' compensation payments. We reverse the judgments of the Court of Appeals, and remand both cases.

The petitioners, Stanley Dailey and Alvin Engelbrecht, were injured in work-related accidents and consequently receive state workers' compensation benefits; both also receive federal social security disability benefits. Cost-of-living increases to social security benefits have augmented their original social security awards.[1] The workers' compensation insurer in each case, relying on section 8–51–101(1)(c), deducted one-half the cost-of-living increase from the amount paid as workers' compensation. The Industrial Commission and the Court of Appeals upheld these deductions.

■ The sole question before us is whether cost-of-living increases are "periodic disability benefits" within the scope of section 8–51–101(1)(c), which provides:

In cases where it is determined that *periodic disability benefits* granted by the federal old-age, survivors, and disability insurance act are payable to an individual and his dependents, the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits .... (Emphasis added.)

The petitioners assert that cost-of-living increases are not paid to compensate for a disability; rather, cost-of-living increases maintain the purchasing power of the original disability benefit and, therefore, are not periodic disability benefits. The respondents contend that cost-of-living increases are mere additions to the periodic disability benefits and are included in the statute as periodic disability benefits.[2]

1. Congress approved cost-of-living increases to social security benefits in 1972, and the first increases were paid in 1975. Pub.L. No. 92–336 § 202, 86 Stat. 406, 412 (codified at 42 U.S.C. § 415(i) (1976)). Section 415(i) provides that if the annual Consumer Price Index (CPI) increase is not less than 3%, the primary insurance award shall be increased in the amount of the CPI increase. Cost-of-living increases are paid to all social security recipients, not just to those receiving disability benefits.

2. The respondents also argue that a 1971 amendment to section 8–51–101(1)(c), replacing the word "weekly" with "aggregate" in the phrase "the aggregate benefits payable for temporary total disability, temporary partial disability [etc.]," demonstrates the legislative intent to have *all* federal periodic benefits offset from benefits paid as workers' compensation. This argument is without merit. A reading of the section clearly indicates that the term "aggregate benefits" means those benefits paid under the state workers' compensation plan, not social security benefits. *See also Industrial Commission v. Rowe,* 162 Colo. 248, 425 P.2d 274 (1967); *City of Thornton v. Teeter,* 37 Colo.App. 427, 548 P.2d 133 (1976).

Our primary task in construing this statute is to discern the intent of the General Assembly. *Safeway Stores, Inc. v. Smith*, 658 P.2d 255 (Colo.1983); *U.M. v. District Court*, 631 P.2d 165 (Colo.1981). To ascertain intent, words and phrases should be given effect according to their plain and obvious meaning. Section 2–4–101, C.R.S.; *R & F Enterprises, Inc. v. Board of County Commissioners*, 199 Colo. 137, 606 P.2d 64 (1980). Here, neither the petitioners' nor the respondents' interpretation is plain or obvious, primarily because the federal legislation establishing cost-of-living increases to social security benefits was not enacted until 1972, *see* Pub.L. No. 92–336 § 202, 86 Stat. 406, 412 (codified at 42 U.S.C. § 415(i) (1976)), nine years after the General Assembly provided for a set-off of social security benefits from workers' compensation payments. *See* Ch. 180, § 81–12–1, 1963 Colo.Sess. Laws 645.

Statutes susceptible to more than one interpretation must be construed in light of the apparent legislative intent and purpose. Section 2–4–203, C.R.S.; *U.M. v. District Court*, 631 P.2d 165 (Colo.1981); *Mooney v. Kuiper*, 194 Colo. 477, 573 P.2d 538 (1978); *In re Questions Submitted by United States District Court*, 179 Colo. 270, 499 P.2d 1169 (1972). The purposes of the Workmen's Compensation Act are to protect employees who suffer injuries arising out of their employment and to give injured workers a reliable source of compensation. *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982); *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973); *Vanadium Corp. of America v. Sargent*, 134 Colo. 555, 307 P.2d 454 (1957). Section 8–51–101(1)(c) reflects the intent of the General Assembly to prevent double awards (payment of the full amount of social security and workers' compensation for the same disability). *See Hurtado v. CF & I Steel Corporation*, 168 Colo. 37, 449 P.2d 819 (1969); *Myers v. Colorado*, 162 Colo. 435, 428 P.2d 83 (1967). In view of these purposes, we conclude that social security cost-of-living increases may not be deducted from workers' compensation payments. Allowing an injured worker to keep his cost-of-living increase better protects the worker and gives him a more reliable source of income. In addition, a cost-of-living increase does not result in a double award. The federal government has decided that it will maintain the buying power of social security payments, not that it will provide additional benefits for a particular injury. Because Colorado does not provide benefits to keep pace with inflation, there is no double payment.

In *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982), we upheld the absence of an escalation of benefits provision in the Workmen's Compensation Act. We expressed our opinion that the Act does not best fulfill the social and economic objectives it was designed to achieve, but that there is a rational basis for failure to provide for escalation of benefits to keep pace with inflation in that a formula calculating awards to an injured worker at the time of injury allows all parties to determine with some degree of certainty the amount of compensation to which the worker is entitled. However, allowing an insurer to deduct one-half the cost-of-living increase each time one occurs, and thus decrease the amount the insurer owes, is not consistent with the goal of determining with certainty the amount owed.[3]

Therefore, we reverse the judgments of the Court of Appeals and remand these cases to the Court of Appeals with directions to return them to the Industrial Commission for entry of an order disallowing deductions in the amount of social security cost-of-living increases from workers' compensation payments.

Judgments reversed and cases remanded.

3. We note that two other states have determined that cost-of-living increases are not included in statutory provisions allowing offsets. *Great Atlantic & Pacific Tea Co. v. Wood*, 380 So.2d 558 (Fla.Dist.Ct.App.1980); *McClanathan v. Smith*, 186 Mont. 56, 606 P.2d 507 (1980).