**Gary WILSON, Claimant in the Death of Dean Booth Wilson, Petitioner,**

**v.**

**JIM SNYDER DRILLING, State Compensation Insurance Fund, Division of Labor, and the Industrial Commission of the State of Colorado, Respondents.**

**No. 85CA1135.**

Colorado Court of Appeals,
Div. II.

Aug. 7, 1986.

Rehearing Denied Sept. 11, 1986.

Certiorari Granted (Wilson) Dec. 2, 1986.

Richard T. Goold, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Div. of Labor and Indus. Com'n.

Margaret D. Keck, Denver, for respondents Jim Snyder Drilling and State Compensation Ins. Fund.

VAN CISE, Judge.

Gary Wilson (claimant) seeks review of a final order of the Industrial Commission determining that *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo.1984) is to be given prospective effect only. We affirm.

Claimant's father was killed in an on-the-job accident in December 1977, and claimant, as a dependent minor child, was awarded workmen's compensation death benefits pursuant to § 8-50-103, C.R.S. (1985 Cum.Supp.). However, since claimant was also eligible for and was receiving "periodic death benefits" from social security because of his father's industrial accident, his workmen's compensation death benefits were reduced by the amount of the social security benefits. *See* § 8-50-103, C.R.S. (1985 Cum.Supp.). Thereafter, periodic cost of living increases were added to the social security benefits. The State Compensation Insurance Fund (the Fund) then took corresponding offsets in workmen's compensation death benefits payable to claimant.

On April 23, 1984, our supreme court announced its decision in *Engelbrecht v. Hartford Accident & Indemnity Co., supra,* a case concerning the social security offset from workmen's compensation benefits payable for work-related disabilities. In *Engelbrecht,* the court declared that the term "periodic disability benefits," as used in § 8-51-101(1)(c), C.R.S., does not include the cost of living increases in the social security benefits.

Thereafter, claimant filed a petition to reopen, alleging that a mistake of law had occurred in calculating his workmen's compensation death benefits. He argued that the logic of *Engelbrecht* applied to the social security offset permitted by § 8-50-103, and he should recover the amount of the cost of living increases withheld by the Fund for the period prior to the effective date of *Engelbrecht.* The Commission agreed that *Engelbrecht* applies equally to the death benefit offsets, but refused to apply it retroactively.

On review, we agree with the Commission that *Engelbrecht* applies to the social security offset provision of § 8-50-103. We see no reason for differentiating between the term "periodic death benefits" used in § 8-50-103 and the term "periodic disability benefits" used in § 8-51-101(1)(c). Consequently, we hold that § 8-50-103 does not authorize the offset of cost of living increases in social security "periodic death benefits" against work-

men's compensation death benefits payable because of an industrial accident.

However, we also agree with the Commission that *Engelbrecht* may not be applied retroactively to permit recovery of offsets taken prior to April 23, 1984. In *Rusk v. Industrial Commission,* 716 P.2d 156 (Colo.App.1985) (*cert. granted,* March 10, 1986), we stated that the *"Engelbrecht* decision was prospective only." We see no reason to depart from our reasoning in *Rusk,* and we apply it here.

The other contentions of claimant are without merit.

Order affirmed.

SMITH and KELLY, JJ., concur.