John A. HARRISON, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Willett Dairy Farm & Cattle Company; and State Compensation Insurance Fund, Respondents.

No. 86SC445.

Supreme Court of Colorado,
En Banc.

Feb. 16, 1988.

Rehearing Denied March 7, 1988.

Withers, Seidman & Rice, P.C. Charles E. Withers, Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indust. Com'n of the State of Colo.

Paul Tochtrop, Denver, for respondent State Compensation Ins. Fund.

No appearance for respondent Director, Dept. of Labor and Employment, Div. of Labor, State of Colo.

No appearance for respondent Willett Dairy Farm & Cattle Co.

PER CURIAM.

We granted certiorari to review the unpublished opinion of the Colorado Court of Appeals in *Harrison v. Industrial Commission,* No. 85CA1153 (Colo.App.1986), a case presenting the issue of whether our decision in *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo. 1984), is to be given retroactive effect. In *Engelbrecht,* we held that cost-of-living increases in federal social security disability benefits are not "periodic disability benefits" within the meaning of section 8–51–101(1)(c), 3B C.R.S. (1986), and therefore do not trigger deductions from state workers' compensation disability benefits. Subsequent to our decision in *Engelbrecht,* the petitioner moved to reopen his case before the Department of Labor and Employment (Department), asserting that in light of *Engelbrecht* he was entitled to reimbursement for moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in his social security disability benefits. The hearing officer ruled that pursuant to *Engelbrecht,* Harrison should be reimbursed for the deductions at issue. The Industrial Commission of Colorado (Commission) entered an order reversing the hearing officer's decision, holding that *Engelbrecht* should be applied prospectively only. The court of appeals affirmed the order of the

Commission.[1]

In *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), we held that our decision in *Engelbrecht* is to be applied retroactively. Therefore, we reverse the judgment of the court of appeals.

### I.

On August 20, 1963, the petitioner, John A. Harrison, while in the course and scope of his employment, suffered an injury to his back. The State Compensation Insurance Fund (State Fund), the employer's insurance carrier, admitted liability for compensation. On July 11, 1968, the State Fund admitted that Harrison was permanently and totally disabled.

Harrison began receiving federal social security disability payments in 1964. Over the years the amount of the social security payments increased. Until 1968, the State Fund paid Harrison his workers' compensation disability payments without deducting from those payments either social security disability payments or the cost-of-living increases to those payments. In 1968, however, the State Fund concluded that it had overpaid Harrison because it had not deducted fifty percent of Harrison's social security disability payments and cost-of-living increases thereto from Harrison's workers' compensation disability payments as authorized by section 81–12–1(4), 4 C.R.S. (1963), the predecessor statute to section 8–51–101(1)(c). Accordingly, the State Fund adjusted Harrison's future payments to reflect the deductions. Between 1968 and 1978 the State Fund deducted fifty percent of the cost-of-living increases in Harrison's social security disability benefits from his workers' compensation benefits pursuant to section 81–12–1(4), 4 C.R.S. (1963), and section 8–51–101(1)(c), 3 C.R.S. (1973).[2]

As a result of the deductions, Harrison's monthly workers' compensation benefits were reduced to zero in June of 1978. On August 14, 1984, Harrison filed a petition to reopen his claim with the Department, asserting that in light of *Engelbrecht* he was entitled to reimbursement for moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in his social security disability benefits.

Following a hearing, a hearing officer of the Department granted Harrison's petition and ordered that, pursuant to *Engelbrecht,* Harrison should be reimbursed for the moneys previously deducted from his workers' compensation disability benefits because of social security cost-of-living increases. The Commission reversed the hearing officer's order, holding that *Engelbrecht* only applied prospectively to Harrison's claim and that the State Fund was not required to reimburse Harrison for deductions made prior to *Engelbrecht.* Harrison appealed the Commission's order to the court of appeals. The court of appeals, relying on its decision in *Rusk v. Industrial Commission,* 716 P.2d 156 (Colo.App. 1985), held that *Engelbrecht* should be applied prospectively only and therefore affirmed the Commission's order. *Harrison,* slip op. at 5.

### II.

In *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), we held that *Engelbrecht* is to be applied retroactively to all past workers' compensation disability payments from which deductions for cost-of-living increases in social security disability payments have been taken. *Marinez* is dispositive of the instant case. We therefore hold that Harrison should be allowed to recover the moneys previously deducted

**1.** The legislature abolished the Industrial Commission in 1986 and transferred its powers, duties and functions to the Industrial Claim Appeals Office. Ch. 64, sec. 1, §§ 24–1–121, 8–1–102, 1986 Colo.Sess.Laws 463, 464.

**2.** Prior to 1975, when automatic cost-of-living increases in social security benefits approved by Congress in 1972 were first paid, any increases

in social security benefits were enacted periodically by Congress and were not termed cost-of-living increases. *See Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231, 232 n. 1 (Colo.1984). On remand, the Industrial Claim Appeals Office is free to consider whether these pre–1975 increases are cost-of-living increases within the meaning of *Engelbrecht.*

from his workers' compensation disability benefits based on cost-of-living increases in his federal social security disability benefits payments.

We reverse the judgment of the court of appeals and remand the case to that court to be returned to the Industrial Claim Appeals Office for further proceedings consistent with the views expressed in this opinion.

ERICKSON, J., does not participate.