Paul W. Conaway, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Industrial Com'n of the State of Col.

Paul Tochtrop, Denver, for respondents State Compensation Ins. Fund and Turnpike Mobile Service.

PER CURIAM.

We granted certiorari to review the unpublished opinion of the Colorado Court of Appeals in *Fraker v. Industrial Commission,* No. 86CA0546 (Colo.App.1987), a case presenting the issue of whether our decision in *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984), is to be given retroactive effect. In *Engelbrecht,* we held that cost-of-living increases in federal social security disability benefits are not "periodic disability benefits" within the meaning of section 8–51–101(1)(c), 3B C.R.S. (1986), and therefore do not trigger deductions from state workers' compensation disability benefits. Subsequent to our decision in *Engelbrecht,* the petitioner moved to reopen his case before the Department of Labor and Employment (Department), asserting that in light of *Engelbrecht* he was entitled to reimbursement for moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in his social security disability benefits. The hearing officer ruled that *Engelbrecht* is to be applied prospectively only—that is, only to

**Ronald FRAKER, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO; Ronald Fraker, d/b/a Turnpike Mobile Service; and State Compensation Insurance Fund, Respondents.**

**No. 87SC116.**

Supreme Court of Colorado,
En Banc.

Feb. 16, 1988.

Rehearing Denied March 7, 1988.

benefits payable after the date of that decision. The Industrial Commission of Colorado (Commission) entered an order affirming the hearing officer's decision, and the court of appeals in turn affirmed the order of the Commission.[1]

In *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), we held that our decision in *Engelbrecht* is to be applied retroactively. Therefore, we reverse the judgment of the court of appeals.

## I.

On April 16, 1968, the petitioner, Ronald G. Fraker, while in the course and scope of his employment, was involved in a serious car accident and was rendered a paraplegic. A hearing officer of the Department entered an order on July 2, 1969, finding that Fraker was permanently and totally disabled and that the State Compensation Insurance Fund (State Fund), the employer's insurance carrier, was liable for the compensation and benefits to which Fraker was statutorily entitled. The hearing officer awarded Fraker state workers' compensation benefits payable for the remainder of his life.

Beginning on May 1, 1969, Fraker began receiving federal social security disability benefits. Pursuant to section 81-12-1(4), 4 C.R.S. (1963), the predecessor statute to section 8-51-101(1)(c), 3B C.R.S. (1986), the State Fund deducted fifty percent of Fraker's social security benefits from his workers' compensation disability benefits. Almost yearly thereafter, Fraker received cost-of-living increases in his social security periodic disability payments, and the State Fund deducted fifty percent of each increase from Fraker's workers' compensation disability payments.[2] Fraker's work-

ers' compensation disability benefits were eventually reduced to zero as of June 1, 1979. Fraker received no income from the State Fund from June 1, 1979, through May 1, 1984.

On April 23, 1984, we decided *Engelbrecht.* On May 1, 1984, the State Fund ceased deducting social security cost-of-living increases from Fraker's workers' compensation disability benefits. On May 1, 1985, Fraker filed a petition to reopen his claim with the Department, asserting that in light of *Engelbrecht* he was entitled to reimbursement for moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in his social security disability benefits.

On December 12, 1985, the hearing officer denied the petition. In denying the petition the hearing officer relied on an earlier Commission order which held that *Engelbrecht* would not be given retroactive effect. The Commission affirmed the hearing officer's order. Fraker appealed the Commission's order to the court of appeals. The court of appeals, relying on its decision in *Rusk v. Industrial Commission,* 716 P.2d 156 (Colo.App.1985), held that *Engelbrecht* was to be applied prospectively only. *Fraker,* slip op. at 1-2. Consequently, the court held that the Commission did not err in refusing to apply *Engelbrecht* retroactively. *Id.* at 2.

## II.

In *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), we held that *Engelbrecht* is to be applied retroactively to all past workers' compensation disability payments from which deductions for cost-

---

1. The legislature abolished the Industrial Commission in 1986 and transferred its powers, duties and functions to the Industrial Claim Appeals Office. Ch. 64, sec. 1, §§ 24-1-121, 8-1-102, 1986 Colo.Sess.Laws 463, 464.

2. In their Motion for Leave to Supplement Statement of Facts in Answer Brief, the respondents note that prior to 1975, when automatic cost-of-living increases in social security benefits approved by Congress in 1972 were first paid, any increases in social security benefits were enacted periodically by Congress and were

not termed cost-of-living increases. *See also Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231, 232 n. 1 (Colo.1984). The respondents did not raise the issue until this late stage in the proceedings, and therefore we will not address its relevance, if any, to our decision today. However, this does not preclude the Industrial Claim Appeals Office from considering on remand whether these pre-1975 increases are cost-of-living increases within the meaning of *Engelbrecht.*

of-living increases in social security disability payments have been taken. *Marinez* is dispositive of the instant case. We therefore hold that Fraker should be allowed to recover the moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in his federal social security disability benefit payments.

We reverse the judgment of the court of appeals and remand the case to that court to be returned to the Industrial Claim Appeals Office for further proceedings consistent with the views expressed in this opinion.

ERICKSON and MULLARKEY, JJ., do not participate.

