**Harold D. FISHER, Plaintiff–Appellee,**

**v.**

**The COUNTY COURT IN and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Brian T. Campbell, one of the Judges thereof, Defendants–Appellants.**

**No. 89CA1224.**

Colorado Court of Appeals, Div. IV.

June 28, 1990.

Rehearing Denied July 26, 1990.

No appearance for plaintiff-appellee.

Norman S. Early, Dist. Atty., Everett Engstrom, Deputy Dist. Atty., Denver, for defendants-appellants.

Opinion by Judge REED.

In an action brought by plaintiff, Harold D. Fisher, pursuant to C.R.C.P. 106(a)(4), the district court ordered that a criminal proceeding pending against plaintiff in the county court should be dismissed on speedy trial grounds. The People, acting on behalf of the county court, appeal that ruling, and we affirm.

On October 5, 1987, plaintiff entered a plea of not guilty to a criminal charge in

the county court, and trial was set for February 22, 1988. By the county court's own motion on February 22, 1988, the trial was continued over plaintiff's objection and counsel were directed to obtain from the court clerk a new trial date. The court clerk then rescheduled the trial for May 3, 1988, a date in excess of six months from plaintiff's plea of not guilty.

Because the resetting of the trial date was done by the clerk outside the courtroom, there is no record of this portion of the proceedings. Plaintiff insisted, by his subsequent motion to dismiss filed on May 3, 1988, and by defense counsel's affidavit in support thereof, that this date was set by the clerk notwithstanding his repeated objections that this date was beyond the speedy trial limitation.

Plaintiff's factual averment in this respect is not disputed in the record. However, the trial court denied plaintiff's motion to dismiss. It held that it was the burden of plaintiff to have placed his express objection "upon the record."

Plaintiff initiated this C.R.C.P. 106(a)(4) review, and the district court ruled that the county court had abused its discretion and, therefore, ordered that the case be remanded to county court with directions that the charge against plaintiff be dismissed.

## I.

██ The People contend that the district court erred in finding that the county court abused its discretion by denying plaintiff's motion to dismiss. We disagree.

Pursuant to § 18–1–405(1), C.R.S. (1986 Repl.Vol. 6B), and subject to certain exception thereafter set forth, an accused is entitled to a dismissal of charges against him unless he is brought to trial within six months of his not guilty plea.

The exception pertinent to this appeal is that set forth in § 18–1–405(5.1), C.R.S. (1986 Repl.Vol. 6B). This section provides that if a trial date is offered to a defendant, who is represented by counsel, and neither he nor his counsel "expressly object" to the offered date, then the time limitation is extended to the date offered.

██ Statutory terms are to be given effect according to their plain and obvious meaning. *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo. 1984). However, the burden is upon the *court* and the prosecuting attorney to make a record sufficient for an appellate court to determine whether there has been compliance with the speedy trial statute. *Marquez v. District Court,* 200 Colo. 55, 613 P.2d 1302 (1980).

Here, because of the administrative procedure adopted by the trial court, there is no record by which any reviewing court can ascertain whether there has been a violation of plaintiff's speedy trial rights. All that appears *for the record* is that trial was held beyond the initial, required six-month limitation.

Contrary to the argument of the People, we are not persuaded that § 18–1–405(5.1) can be interpreted so as to cast the burden upon an accused to assure that a record is made of the proceedings. *See Marquez v. District Court, supra.*

The judgment of the district court is affirmed.

TURSI and RULAND, JJ., concur.