F I L E D
United States Court of Appeals
Tenth Circuit

DEC 14 2001

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re: WESTERN PACIFIC
AIRLINES, INC.,

    Debtor,

------------------------

GENERAL ELECTRIC CAPITAL
CORPORATION, a New York
corporation,

      Plaintiff - Appellee,

BOULLIOUN AIRCRAFT HOLDING
COMPANY, INC., a Washington
corporation; BOULLIOUN
PORTFOLIO FINANCE I, INC., a
Washington corporation,

    Plaintiffs-Intervenors -
Appellees,

v.

MANAGER OF REVENUE AND
EXOFFICIO TREASURER FOR THE
CITY AND COUNTY OF DENVER;
EL PASO COUNTY TREASURER,

    Defendants - Appellants,

JEFFREY A. WEINMAN, Trustee,

    Defendant-Third Party Plaintiff -
Appellant,

No. 00-1512

v.

ENERGY MANAGEMENT
CORPORATION, a Colorado
corporation; SUNDANCE VENTURE
PARTNERS L.P., II, a Delaware
limited partnership,

    Third Party Defendants,

        and

FIRST SECURITY NATIONAL
ASSOCIATION,

    Third Party Defendant -
Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 00-K-116)**

---

Steven E. Abelman, Cage & North, P.C., Denver, Colorado and Frances A. Koncilja, Koncilja and Associates, P.C., Denver, Colorado, (Jeffrey D. Lewin, James P. Hill, and Candace M. Carroll; Sullivan, Hill, Lewin, Rez & Engel, San Diego, California, for Third-Party-Defendant - Appellee, First Security National Association, with them on the briefs), for Plaintiff - Appellee.

Peter A. Cal, Sherman & Howard, L.L.C., Denver, Colorado, (Mark L. Fulford, Sherman & Howard, L.L.C., Denver, Colorado, for Defendant - Third Party Plaintiff - Appellant; Eugene J. Kottenstette, Office of City Attorney, Land Use & Revenue Section, Denver, Colorado, for Defendants - Appellants; and John N. Franklin, Assistant County Attorney, Office of County Attorney for County of El Paso, Colorado Springs, Colorado, for Defendants - Appellants; with him on the briefs) for Defendant - Third Party Plaintiff - Appellant.

---

Before **KELLY** and **HOLLOWAY**, Circuit Judges and **SHADUR**[*], District Judge.

---

**KELLY**, Circuit Judge.

---

This is an appeal from consolidated adversary proceedings in bankruptcy. The Appellants Jeffery A. Weinman ["the Trustee"] and the Manager of Revenue and Ex Officio Treasurer for the City and County of Denver, and the Treasurer for El Paso County, Colorado [collectively "the Taxing Authorities"] appeal from the district court's order affirming the bankruptcy court's grant of summary judgment in favor of the Appellees General Electric Capital Corporation ["GECC"] and First Security Bank, National Association, in its capacity as legal owner and trustee, on behalf of Bavaria International Aircraft Leasing Gmbh & Co. KG ["Bavaria"]. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291 and we affirm the district court's order.

## Background

In March of 1995, the debtor, West Pacific Airlines ["WestPac"], entered into lease agreements for five aircraft with GECC and for one aircraft with

---

[*]The Honorable Milton I. Shadur, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

Bavaria.[1] The term of the leases was either for five or ten years and the monthly rent ranged from $190,000 to $210,000 per plane. All six leases were in effect on January 1st of both 1997 and 1998.

WestPac filed a voluntary petition for Chapter 11 bankruptcy in October of 1997, ceased all flights in February of 1998, and converted the proceedings into a Chapter 7 bankruptcy in July of 1998. The Trustee was appointed by the bankruptcy court as WestPac's Chapter 7 trustee and was substituted for WestPac as a party to this action.

WestPac did not pay its 1997 and 1998 state personal property taxes, totaling $1,057,279.80, to the Colorado Property Tax Administrator. Because WestPac was headquartered in El Paso County, Colorado on January 1, 1997, and in Denver on January 1, 1998, the Taxing Authorities for El Paso and Denver were entitled to collect the taxes. After WestPac ceased flights and because GECC was seeking to terminate its leases with WestPac and retake possession of its aircraft, the Taxing Authorities filed an emergency motion for relief from automatic stay seeking authority to collect the taxes owed pursuant to Colo. Rev. Stat. § 39-10-113. On February 13, 1998, the bankruptcy court granted limited relief from the stay to the Taxing Authorities by requiring the lessors to post

_____

[1] WestPac also leased a number of aircraft from other lessors, but the other lessors are not party to this action.

security in the amount of $66,346.00 per aircraft before retaking possession. The bankruptcy court entered orders confirming termination of the aircraft leases on February 14, 1998 for GECC and April 2, 1998 for Bavaria.[2] GECC and Bavaria posted the required security with the bankruptcy court prior to retaking possession of the aircraft.

In March of 1999, all of the parties filed motions for summary judgment. In July 1999, the bankruptcy court granted summary judgment in favor of GECC and Bavaria. The Trustee and Taxing Authorities moved for reconsideration and sought a stay. They requested that the court certify the questions of state law to the Colorado Supreme Court. The bankruptcy court did so certify, but the Colorado Supreme Court declined to answer the certified questions. Subsequently, the bankruptcy court denied the motion for reconsideration and stay. The Trustee and Taxing Authorities then unsuccessfully appealed to the district court and now appeal to this court. We view the record "in a light most favorable to the parties opposing the motion for summary judgment." Connolly v. Baum, 22 F.3d 1014, 1016 (10th Cir. 1994). Our standard for reviewing the bankruptcy court's grant of summary judgment is de novo, Woodcock v. Chem. Bank, 144 F.3d 1340, 1342 (10th Cir. 1998), affording no deference to the district

---

[2] It is not clear if the Appellants initially agreed with or challenged the dates of termination. See 1 Joint App at 0091. Counsel for the Appellants, however, referred to these dates during oral argument.

court's opinion. <u>In re Glendhill</u>, 164 F.3d 1338, 1340 (10th Cir. 1999). Under Fed. R. Bank. P. 7056, Rule 56 of the Federal Rules of Civil Procedure applies. Fed. R. Civ. P. 56(c) provides for summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## Discussion

It is not necessary for this court to address whether a leasehold interest in personal property is intangible property for the purposes of Colo. Rev. Stat. § 39-3-118 nor is it necessary to decide whether Colo. Rev. Stat. § 39-3-118 is valid under the Colorado Constitution. The only issue that must be decided is whether Colorado tax law authorizes the distraint, seizure, and sale of the taxable personal property of the lessor to satisfy the personal property tax of the lessee.

Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien. Colo. Rev. Stat. § 39-1-107(2). This lien attaches to the property as of noon on January 1 of the tax year. Colo. Rev. Stat. § 39-1-105. If at any time after the lien attaches, the treasurer believes for any reason that any taxable personal property may be removed from Colorado and, therefore, made uncollectible, the treasurer may at once distrain, seize, and sell the personal

property to enforce collection, Colo. Rev. Stat. § 39-10-113.[3]  Likewise, if the

taxes become delinquent upon the personal property of any public utility,[4] the

treasurer of the county shall distrain and sell any of the personal property of the

utility,  Colo. Rev. Stat. § 39-10-111(11).[5]

The Appellants assert that both § 39-10-113 and § 39-10-111(11) authorize

the distraint, seizure, and sale of the aircraft owned by GECC and Bavaria to pay

the property tax owed by WestPac.  They contend that the language of Colo. Rev.

---

[3]  The statute provides:

> If at any time after the lien of general taxes has attached the treasurer
> believes for any reason that any taxable personal property may be
> removed from the state of Colorado or may be dissipated or
> distributed, so that taxes to be levied for the current year may not be
> collectible, the treasurer may at once proceed to collect the taxes and,
> if the treasurer deems it necessary, may distrain, seize, and sell the
> personal property to enforce collection. ...

Colo. Rev. Stat. § 39-10-113(1)(a).

[4]  "Public Utility" is defined at Colo. Rev. Stat. § 39-4-101(3)(a).  All
parties are in agreement that WestPac is a utility for the purposes of this section.

[5]  The statute provides:

> If taxes become delinquent upon the personal property of any public
> utility, as defined in article 4 of this title, the treasurer of the county
> in which the taxes are delinquent shall commence a court action or
> employ a collection agency as provided in section 39-10-112 or
> distrain and sell any of the personal property of the utility wherever
> found in the manner that other personal property is to be distrained
> and sold for the nonpayment of taxes; ....

Colo. Rev. Stat. § 39-10-111(11).

Stat. § 39-10-113 does not limit the treasurer to the personal property of the taxpayer and that the treasurer only needs to believe that taxable personal property will be removed from Colorado. Taxable property is defined in the tax code as "all property, real and personal, not expressly exempted from taxation by law," Colo. Rev. Stat. § 39-1-102(16); and, personal property is defined as "everything that is the subject of ownership and that is not included within the term 'real property,'" Colo. Rev. Stat. § 39-1-102(11). The aircraft, therefore, fit within the definitions of taxable property and personal property. The Appellants note that GECC and Bavaria almost certainly intended to remove the aircraft from Colorado after the leases were terminated; therefore, they conclude that the treasurer had reason to believe that taxable personal property was going to be removed from Colorado and was authorized to distrain, seize, and sell the aircraft.

This interpretation of Colo. Rev. Stat. § 39-10-113 proves too much. It would not distinguish between property of the lessor and the lessee, let alone the property of third parties. Under Appellants' interpretation, the treasurer would be able to distrain, seize, and sell every vehicle traveling in Colorado on the interstate regardless of ownership. Motor vehicles are clearly within the statutory definition of taxable personal property and the treasurer would have reason to believe that the driver would remove the vehicle from Colorado and render any taxes uncollectible. The goal in statutory interpretation is to determine and give

effect to the intent of the legislature. <u>Bertrand v. Bd. of County Comm'rs</u>, 872 P.2d 223, 228 (Colo. 1994) (en banc). To ascertain that intent, it is presumed that a just and reasonable result is intended, Colo. Rev. Stat. § 2-4-201(c), and statutory terms are given their plain and ordinary meaning. <u>Bertrand,</u> 872 P.2d at 228 (citing <u>Engelbrecht v. Hartford Accident & Indem.,</u> 680 P.2d 231, 233 (Colo. 1984)). Clearly, the Appellant's interpretation of Colo. Rev. Stat. § 39-10-113 is not a just and reasonable result and, therefore, could not have been what the Colorado legislature intended. Colo. Rev. Stat. § 2-4-201(c). The intention of the legislature must have been that "any taxable personal property" means any taxable personal property of the taxpayer. This interpretation of Colo. Rev. Stat. § 39-10-113 makes it consistent with Colo. Rev. Stat. § 39-10-111(11), which authorizes the distraint, seizure, and sale of any of the personal property *of the* utility. <u>See</u> Colo. Rev. Stat. § 2-4-205 (if possible, general and specific statutes are to be read in a non-conflicting manner).

The Appellants argue that even if they are limited to the taxable personal property of WestPac they can still distrain, seize, and sell the aircraft because "WestPac had a present possessory interest in the aircraft." Aplt. Br. at 24. No explanation has been offered in the briefs or at oral argument for how WestPac's leasehold interest in the aircraft transforms the aircraft of GECC and Bavaria into WestPac's personal property. WestPac's leasehold interest may be subject to

distraint, seizure, and sale [assuming it is not an intangible], but the aircraft of GECC and Bavaria certainly are not.

Our interpretation of § 39-10-113 and § 39-10-111(11) is consistent with Colorado case law. Of the cases cited to this court that involved the property of the lessor being distrained, seized, and sold to satisfy the taxes of the lessee, there was, in contrast to § 39-10-113 and § 39-10-111(11), clear and express statutory authorization. In Burtkin Assocs. v. Tipton, a lessor challenged Colorado's sales and wage and withholding tax statutes as facially unconstitutional because they allowed the property of the lessor to be seized to pay the taxes of the lessee. 845 P.2d 525, 527-28 (Colo. 1993) (en banc) (citing Colo. Rev. Stat. § 39-26-117(1) ("of or used by any retailer under lease"), § 39-22-604(7) ("owned or used by") (1982 & Supp. 1991)). The Supreme Court of Colorado upheld the federal and state constitutionality of the statutes because they gave notice and because the lessor had failed to take advantage of a safe harbor provision that would have exempted his property from the lien. Likewise, in Horacek v. Cherry Creek Corp., the Colorado Court of Appeals noted that the wage and withholding, sales, and use tax statutes and ordinance made it clear that mere use of personal property subjected it to the lien even if the using party did not own the property. 474 P.2d 158, 161 (Colo. Ct. App. 1970) (citing Colo. Rev. Stat. § 138-5-23(1)(a) ("of or used by any retailer under lease"), § 138-1-61(7) (1963) ("owned or used

by"), and Denver, Colo., Ordinance § 166.38-1("of any retailer or used by any retailer in conducting his business under lease.")). Cf. Charnes v. Norwest Leasing, Inc., 787 P.2d 145, 146 n.2 (Colo. 1990) (en banc) (citing Colo. Rev. Stat. § 39-26-117(1)(b) ("of or used by any retailer under lease")) (holding that substantial compliance with the requirements for exempting a lessor's personal property from a lien is not enough). The tax statutes applicable to this case do not contain language that clearly and expressly authorizes the distraint, seizure, and sale of the lessor's property to pay the lessee's tax debt as is quoted in Burtkin, Horacek, and Charnes.

For the first time at oral argument, the Appellants suggested that this court should remand to the bankruptcy court if we find that the lien attached only to the leasehold interests and not to the aircraft. Prior to oral argument, the Appellants never sought WestPac's leasehold interests in the aircraft. They only sought the aircraft. Besides the obvious difficulty that the leasehold interests have long been terminated and required the payment of rent,[6] the Appellants have waived this argument by failing to raise it in their opening brief to this court. See Fed. R. App. P. 28; Scrivner v. Sonat Exploration Co., 242 F.3d 1288, 1294 (10th Cir.

---

[6]In oral argument, counsel noted that there was no value in the leasehold interests because the rent exceeded the fair market rental value of the aircraft at both the time that Western Pacific went into bankruptcy and the time the leases were terminated.

2001) (citing <u>Coleman v. B-G Maint. Mgmt. of Colo., Inc.</u>, 108 F.3d 1199, 1205 (10th Cir. 1997)) ("'Issues not raised in the opening brief are deemed abandoned or waived.'").

AFFIRMED.