**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In the Matter of: C.W. MINING
COMPANY,

        Debtor.

_____

GARY E. JUBBER,*

        Appellant,

   v.

BANK OF UTAH; HIAWATHA COAL
COMPANY, INC.; P.P.M.C., INC.,

        Appellees.

No. 12-4174

---

**APPEAL FROM THE UNITED STATES**
**BANKRUPTCY APPELLATE PANEL**
**(BAP No. 11-098-UT)**

---

Michael N. Zundel (T. Edward Cundick with him on the briefs), Prince, Yeates &
Geldzahler, Salt Lake City, Utah, for Appellant.

P. Matthew Cox, Snow Christensen & Martineau, and Steven J. McCardell,
Durham Jones & Pinegar, P.C. (David F. Klomp and Jessica G. Peterson, Durham
Jones & Pinegar, P.C.; Kim R. Wilson, Snow Christensen & Martineau; and Peter
W. Guyon, The Law Office of Peter W. Guyon, P.C., with them on the briefs),
Salt Lake City, Utah, for Appellees.

---

    *We **grant** the motion to substitute Gary E. Jubber, Chapter 11 Trustee, for
Kenneth A. Rushton, Chapter 7 Trustee.  Fed. R. App. 43(b).

Before **TYMKOVICH**, **BRORBY**, and **MURPHY**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I. Introduction

The Chapter 7 Trustee in this matter (the "Trustee") filed a complaint with the bankruptcy court seeking to recover a post-petition transfer to the Bank of Utah (the "Bank"). The bankruptcy court granted summary judgment in favor of the Bank, concluding the Bank was a fully secured creditor and, thus, the transfer caused no damage to the Estate. After the Bankruptcy Appellate Panel ("BAP") affirmed the ruling of the bankruptcy court, the Trustee brought this appeal.

Exercising jurisdiction pursuant to 28 U.S.C. § 158(d), we **affirm** the grant of summary judgment to the Bank.

## II. Factual Background

The facts underlying the complex financial transactions entered into by the parties are not in dispute and have been fully set out by both the bankruptcy court and the BAP. *Rushton v. Bank of Utah (In re C.W. Mining Co.)*, 477 B.R. 176, 180-81 (B.A.P. 10th Cir. 2012); *Rushton v. Bank of Utah (In re C.W. Mining Co.)*, 465 B.R. 266, 229-30 (Bankr. D. Utah 2011). The facts set forth herein are limited to those relevant to this appeal.

In August 2007, C.W. Mining, an entity operating a coal mine in Utah, deposited $362,000 with the Bank; in turn, the Bank issued a certificate of deposit to C.W. Mining in that same amount. In January 2008, creditors filed an involuntary Chapter 11 bankruptcy petition against C.W. Mining. In November 2008, the Chapter 11 proceeding was converted to a Chapter 7 proceeding and Kenneth Rushton was appointed to administer the Estate. In February 2009, the Bank liquidated the certificate of deposit, which then had a value of $383,099. Utilizing its common-law right of offset, it applied the proceeds to the balance owing on two of three promissory notes executed by C.W. Mining in favor of the Bank in 2005, 2006, and 2007.[1] Although the Bank knew of the bankruptcy proceeding when it liquidated the certificate of deposit, it did not inform the Trustee. The Trustee became aware of the transfer after the Bank assigned its remaining secured interest in the promissory notes and loan agreements to a third party and the third party sought payment from the Estate.[2]

The Trustee then commenced an adversary proceeding seeking to recover $383,099 from the Bank. The parties filed cross-motions for summary judgment. In his motion, the Trustee argued the transfer should be avoided under 11 U.S.C.

---

[1]The three promissory notes were payable in accordance with the terms of three loan agreements entered into between C.W. Mining and the Bank (the "Loans") and were secured by mining equipment.

[2]The Trustee paid the full principal and interest owing on the assigned claims.

§ 549 as an unauthorized post-petition transfer and he should be permitted to recover the $383,099 pursuant to 11 U.S.C. § 550. In the alternative, he sought a declaration the transfer was void as a violation of the automatic stay under 11 U.S.C. § 362(a) and an order for turnover pursuant to 11 U.S.C. § 542. After considering all of these arguments, the bankruptcy court entered summary judgment in favor of the Bank. It prefaced its analysis of the Trustee's avoidance and recovery argument by reiterating that the transfer the Trustee sought to avoid was "a payment to a fully secured creditor in exchange for satisfaction of a portion of a lien." The bankruptcy court concluded avoidance would be pointless because a transfer to a fully secured creditor cannot be avoided under § 549 without also reviving the secured creditor's lien.

As to the § 362(a) claim, the bankruptcy court concluded the Trustee failed to allege the Estate suffered any injury from the liquidation of the certificate of deposit. Finally, it concluded turnover pursuant to 11 U.S.C. § 542(a) was not appropriate because it would provide no benefit to the Estate.

The Trustee appealed to the BAP, advancing the same claims he pursued in the bankruptcy court. The BAP affirmed the bankruptcy's court's ruling. Like the bankruptcy court, the BAP concluded it would be pointless to avoid the post-petition transfer under § 549 because 11 U.S.C. § 502(h) would operate to restore the Bank to its secured status and, therefore, the Bank's lien in the proceeds of the certificate of deposit would necessarily be revived. The BAP reasoned that

-4-

the Trustee, therefore, could not state a claim under §§ 549 and 550 because there was no harm to the Estate from the transfer and no benefit to the Estate from avoidance and recovery.[3] The BAP also noted that avoidance and recovery would not fulfill the purpose of § 549(a) which is to permit a trustee to avoid a post-petition transfer that *depletes* the estate. Likewise, the purpose of § 550 is to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *Weinman v. Fid. Capital Appreciation Fund* (*In re Integra Realty Res., Inc.*), 354 F.3d 1246, 1266 (10th Cir. 2004) (quotations omitted). Here, the post-petition transfer did not alter the Estate's financial condition in any way. The Bank's fully secured claim was reduced dollar-for-dollar by the post-petition transfer.

The BAP also affirmed the bankruptcy court's ruling that the Trustee was not entitled to relief under §§ 362 or 542. Relying on this court's precedent that the goal of remedying a violation of the automatic stay is to restore the status quo for both parties, the BAP concluded that treating the transfer as void would return the Bank to its status as a secured creditor and provide no benefit to the Estate. *See Franklin Savs. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 (10th

---

[3]The BAP noted it was not condoning unilateral post-petition transfers but that granting the Trustee the relief he sought would be a "tacit endorsement of fee churning" because "the only benefit to be seen by avoidance and recovery of the Transfer is to Trustee. Funneling the value of the CD through the bankruptcy estate would drive up administrative costs, which is not a benefit to the bankruptcy estate."

Cir. 1994) (holding relief for violating the automatic stay should return the parties to the status quo before the violation). Further, turnover was not required pursuant to § 542(a) because there would be no benefit to the Estate. *See* 11 U.S.C. § 542(a) (requiring a creditor to turn over estate property unless such property is "of inconsequential value or benefit to the estate").

The matter is now before this court from the Trustee's appeal of the decision of the BAP.

## III. Discussion

Although the Trustee appeals from the BAP's ruling, this court reviews the decision of the bankruptcy court. *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 788 (10th Cir. 2009). We "apply the same standards of review that govern appellate review in other cases." *Jenkins v. Hodes (In re Hodes)*, 402 F.3d 1005, 1008 (10th Cir. 2005). Accordingly, this court reviews the bankruptcy court's grant of summary judgment de novo. *Gen. Elec. Capital Corp. v. Manager of Revenue & Exofficio Treasurer for the City & Cnty. of Denver (In re W. Pac. Airlines, Inc.)*, 273 F.3d 1288, 1291 (10th Cir. 2001). Having reviewed the appellate record and carefully considered the parties' arguments, we agree with the BAP that the bankruptcy court's decision is thorough, well-reasoned, and correct.

A trustee may avoid a post-petition transfer of estate property that was not authorized by the Bankruptcy Code or the court. 11 U.S.C. § 549. An avoided

-6-

transfer, or the value of the property transferred, may be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550.  Under 11 U.S.C. § 502(h), however, a claim by a creditor arising after the return of property pursuant to § 550 shall be allowed or disallowed "the same as if such claim had arisen before the date of the filing of the petition."

Relying on a ruling from the First Circuit, both the bankruptcy court and the BAP concluded that avoidance of the Bank's post-petition transfer pursuant to § 549 and recovery by the Estate pursuant to § 550 would revive the Bank's lien because it was a fully secured creditor before the filing of the petition.  *Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.)*, 375 F.3d 51, 66-68 (1st Cir. 2004) (holding secured creditor with a § 502(h) claim to avoided property is not stripped of its secured status).  Although the Trustee argues *In re Bankvest* was wrongly decided, we believe the reasoning of the First Circuit on this point to be sound and hereby adopt it.  A fully secured creditor's lien is revived under § 502(h) upon avoidance and recovery of the property transferred.  *Id.* at 67 ("[T]he 502(h) claim takes on the characteristics of the original claim, including . . . its secured status."); *id*. at 71 ("The fact that [the secured creditor] would be entitled to receive exactly what it would be forced to return through avoidance renders avoidance pointless.").  Accordingly, the relief of avoidance under § 549 and recovery under § 550 would be futile under the circumstances presented in

-7-

this case because the Estate would be required to pay the Bank's secured claim of $383,099 in full,[4] resulting in no benefit to the Estate.

Neither is the Trustee entitled to the value of the certificate of deposit pursuant to 11 U.S.C. § 362(a). Section 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Any transfer made in violation of the automatic stay is void and the parties are returned to the status quo as it existed before the violation occurred.[5] *Franklin Savs. Ass'n*, 31 F.3d at 1022. As we have already concluded, returning the parties to the status quo before the transfer would mean the Bank regains its status as a secured creditor. As a consequence, the Bank obtained no benefit from its violation of the automatic stay and the Trustee has not shown that the Estate suffered any damage. Thus, the Trustee is not entitled to any relief as a result of the violation. *Goldston v. United States (In re Goldston)*, 104 F.3d 1198, 1201 (10th Cir. 1997) ("The only effect of violation of the automatic stay, other than the possibility of contempt, is the unenforceability of any benefit the creditor obtained as a result of the violation."); 11 U.S.C. § 362(k) (providing for the recovery of actual damages for a willful violation of the automatic stay).

---

[4]Setting his conclusory statements aside, the Trustee has failed to show that a genuine issue of material fact exists as to whether the Bank would file such a claim or whether it would be allowed by the bankruptcy court. *See supra* n.2.

[5]The Bank concedes it violated the automatic stay provisions of § 362.

The Trustee also argues the Bank should be compelled, pursuant to § 542, to turn over the value of the certificate of deposit to the Estate. *See* 11 U.S.C. § 542(a) (requiring a creditor to turn over estate property in its possession). As the bankruptcy court correctly ruled, turnover is not appropriate under § 542(a) if "the property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). Here, there would be no benefit to the Estate because the Trustee would be required to pay the Bank an amount equal to the value of the certificate of deposit.[6] The lack of a benefit to the Estate forecloses the Trustee from seeking turnover pursuant to § 542.

## IV.    Conclusion

The grant of summary judgment in favor of the Bank is **affirmed** for substantially the reasons stated by the bankruptcy court in its order dated September 30, 2011.

---

[6]Nothing in the record or the case law supports the Trustee's argument that the Bank's sale of the Loans to a third party extinguished the Bank's secured status. As the BAP correctly noted, the "Bank's later sale of the [Loans] to [the third party] is immaterial to deciding if Bank is entitled to a . . . secured claim; Bank was a secured creditor with a valid secured claim on the petition date."