In re John Stephen FLYNN, Debtor.

John Stephen FLYNN, Plaintiff,

v.

NEW HAMPSHIRE HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant.

Bankruptcy No. 95–10073–JEY.
Adv. No. 95–1017–JEY.

United States Bankruptcy Court,
D. New Hampshire.

Nov. 28, 1995.

J. Christopher McGuirk, Newmarket, NH, for defendant.

John Stephen Flynn, Lempster, NH, pro se.

Jeffrey Schreiber, Trustee, Schreiber & Associates, Danvers, MA.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

JAMES E. YACOS, Chief Judge.

This adversary proceeding came on for hearing before the Court on November 7, 1995 on a Motion for Partial Summary Judgment filed by the New Hampshire Higher Education Assistance Foundation and on a Motion for Summary Judgment filed by the plaintiff/debtor, John Stephen Flynn, both motions relating to plaintiff's Amended Complaint to Determine the Dischargeability of Student Loan Debts pursuant to 11 U.S.C. § 523(a)(8). For the reasons set forth below, the Court finds that the student loan debts became due more than seven years prior to the date the bankruptcy petition was filed and, accordingly, defendant's motion is denied and plaintiff's motion is granted.

Section 523(a)(8) requires that for a student loan debt to be dischargeable, the Court must determine either that the loan became due more than seven years prior to the filing of the bankruptcy petition, or that repayment of the loan will impose an undue hardship upon the debtor. 11 U.S.C. 523(a)(8)(A) and (B). The defendant's motion requests partial summary judgment on the issue that debtor's loans became due less than seven years prior to the filing of the bankruptcy petition[1]. Therefore, defendant

---

1. The amended complaint references five student loan debts that are the subject of this adversary proceeding, however defendant conceded at a prior pretrial hearing on June 8, 1995 that it does not dispute that two of the loans became due more than seven years prior to the bankruptcy filing, and hence are dischargeable under 11 U.S.C. § 523(a)(8)(A). *See* Defendant's Addition-

contends that it is not barred from proceeding to litigate the hardship ground for granting or denying discharge by the requirement that the student loan debts in question first became due not more than seven years before the filing of the bankruptcy petition. The plaintiff contends that the loans became due more than seven years prior to the date he filed his bankruptcy petition, and that the seven-year rule of section 523(a)(8)(A) therefore renders these student loans dischargeable and beyond attack by the defendant.

### Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a request for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When deciding a motion for summary judgment, the Court must read the record in the light most favorable to the nonmoving party, making all reasonable inferences in that party's favor. *Levy v. F.D.I.C.*, 7 F.3d 1054, 1056 (1st Cir. 1993). In the matter at hand, both parties agree that there are no issues of fact with respect to the legal applicability of the 7-year rule, and this matter is therefore ripe for summary adjudication on that issue.

### Dischargeability of Student Loan Debts—The 7-Year Rule

The dischargeability or nondischargeability of student loan debts is provided for, in part, by section 523(a)(8)(A) of the Bankruptcy Code. This statute provides in relevant part that:

A discharge ... does not discharge an individual debtor from any debt.... for an educational ... loan ... unless such loan ... first became due more than 7 years

(exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition....

11 U.S.C. § 523(a)(8)(A). In the present case it is stipulated and agreed that the first date that the debts became due was August 1, 1986. Accordingly, if there were no "applicable suspension of the repayment period", the seven year date after the debts first became due would have been August 2, 1993 and, because debtor filed his petition in bankruptcy on January 10, 1995, which was after the 7-year date of August 2, 1993, the student loan debts would clearly be dischargeable.

The facts of this case are that there were deferments of the "repayment period" obtained and granted as contemplated by the statute. The evidence is uncontroverted that the debtor requested and was granted two 6-month extensions of the monthly repayments due on November 1, 1986 and on the first of each month thereafter to and including October 1, 1987. Accordingly under the statute there would be an "applicable suspension of the repayment period" for those additional twelve months.

The real dispute comes down to the third alleged deferment request. The defendant contends that there should be added to that twelve months an additional six months covered by the document executed on April 15, 1988 entitled "Forbearance Agreement" and reciting that the "forbearance commences" on October 1, 1987 and that the "forbearance ends" on April 1, 1988. The defendant contends that these additional six months should be added as "suspension of the applicable repayment periods", which would make the significant date February 2, 1995, and that the filing in January of 1995 therefore supports a ruling that the debts became due less than 7 years before the bankruptcy filing.

The plaintiff contends that only twelve months of requested deferment should be calculated under the statutory formula, be-

al Answer (Adv.Ct.Doc. No. 12, Ex. 2), Correction to Defendant's Additional Answer (Adv.Ct. Doc. No. 13), and Pretrial Order dated June 9, 1995 (Adv.Ct.Doc. No. 15). Accordingly, as indicated in this Court's Pretrial Order dated June 9, 1995, the Court will enter judgment for the plain-

tiff/debtor with regard to said two loans. The remainder of this Order concerns only the three remaining student loan debts, referenced as loan numbers 018386136A, 018386136D, and 018386136E.

cause the third "deferment" was imposed upon him retroactively and not at his request. Therefore, plaintiff maintains, the significant date should be August 2, 1994, which is the original due date plus 7 years plus twelve months for the two requested deferments. Plaintiff avers that any bankruptcy filed after August of 1994 would result in a ruling that the debts first became due more than seven years before the bankruptcy filing.

There is no question that the third deferment request was a retroactive deferment, if it was a deferment at all, inasmuch as the date of the deferment request was April 15, 1988 and the deferment period was from October 1, 1987 to April 1, 1988. *See* "Forbearance Agreement" dated April 15, 1988, Exhibit No. 6 to Plaintiff's Motion for Summary Judgment (dated and filed Oct. 10, 1995) (Ct.Doc. No. 34). The deferment application was sent by the defendant to the plaintiff after the period had passed and at the defendant's initiative.

■ After reviewing the record and having heard the parties in extensive argument, the Court finds that the document of April 15, 1988 did not do anything relevant to section 523(a)(8)(A) of the Bankruptcy Code. The document refers to a period of time before it was executed as being the so-called "period of forbearance", however the lender did not exercise any forbearance activities such as waiving interest or foregoing any other rights under the original loan documents during that period. Instead, the lender simply recognized the fact that payments were not made during that period. The document indicates that the debtor was required to resume payments after April 1, 1988. That action may have some meaning and sense in regard to regulatory requirements regarding banks and lenders under guaranteed student loan programs, but the Court rules that it has nothing to do with the statutory standard that Congress promulgated in section 523(a)(8)(A) of the Bankruptcy Code.

On reflection it seems that this case has proceeded to this juncture because the defendant apparently has been working under the assumption that its various requirements and concepts under the regulations and statutes dealing with guaranteed student loans somehow have applicability under Section 523(a)(8)(A) of the Bankruptcy Code. The Supreme Court instructs courts to look at the plain meaning of statutes when construing them, and there is no way that this Court can read into that statute anything other than a meaning for "suspension" that is defined essentially in terms of a requested deferment of repayment due dates. The first twelve months of deferment of repayment of these student loan debts were in fact such a suspension of the repayment period, and the last deferment of repayment was not.

■ It is understandable that the defendant interprets "repayment period" as something other than the due dates for payments by a borrower here on the first of each month, and that therefore to the extent of what the defendant did on an accounting basis—and on a regulatory basis for that matter—with regard to this loan account might support that kind of construction. However, I have to recognize the fact that Congress in this statute was trying to draw a line between simple forbearance by a creditor without any request, i.e., simply not moving to collect a debt when it is past due, and something else. The something else has to be some initiating action by the borrower at the time in question seeking a deferment of a specific payment due dates for his monthly checks. That would be the way most people would understand that situation, and I think this debtor understood it that way as well. For the defendant here to prevail on the contention that the third document, the forbearance document, somehow fits the statutory formula just does not accord with the definition of "suspension of the applicable repayment period" that the Court has enunciated here.

In the Court's judgment, based upon a review of the documents and oral argument of the parties, the so-called "Forbearance Agreement" dated April 15, 1988 is not an "applicable suspension of the repayment period" under 11 U.S.C. § 523(a)(8)(A) and, under the applicable case law and the Court's own reasoning, that type of so-called deferment should not be used in the Bankruptcy

Code statutory formula to determine whether a student loan debt became due more than 7 years prior to bankruptcy, regardless of what sense it may make in other regulatory regimes. Cases are uniform in that regard. *See, e.g. Matter of Whitehead,* 31 B.R. 381 (Bankr.S.D.Ohio W.D.1983) and *In re Keenan,* 53 B.R. 913 (Bankr.D.Conn.1985).

In accordance with the foregoing, the Court finds that the debtor's educational loans at issue in this adversary proceeding "first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition", and said loans are accordingly discharged pursuant to 11 U.S.C. § 523(a)(8)(A).

The parties have briefed numerous other issues in this matter, all of which the Court finds are not essential to address, because it is clear that as a matter of law the 7–year issue requires judgment for the plaintiff.

For all these reasons, the defendant's motion for partial summary judgment is denied and plaintiff's cross-motion for summary judgment is granted. A separate Final Judgment in accordance with this Order shall be entered contemporaneously herewith.

DONE and ORDERED.