**In re Mario MANRIQUEZ and Gloria Manriquez, Debtors.**

**Mario MANRIQUEZ, Appellant,**

v.

**MASSACHUSETTS HIGHER EDUCATION ASSISTANCE CORPORATION dba American Student Assistance, Appellee.**

BAP No. CC–95–1428–MeKV.
Bankruptcy No. LA 92–40676–KL.
Adversary No. SV 94–03109–KL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 25, 1996.

Decided Dec. 11, 1996.

Mario Manriquez, Jr. (on briefs), Anaheim, CA, in pro per.

Ellen S. Kornblum, Ervin, Cohen & Jessup, Beverly Hills, CA, for American Student Assistance.

Before: MEYERS, KING [1] and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The bankruptcy court held that the student loan obligation of Mario Manriquez ("Debtor") to the Massachusetts Higher Education Assistance Corporation dba American Student Assistance ("Student Assistance") was nondischargeable under § 523(a)(8)(A) [2]. The Debtor appeals.

We REVERSE the judgment and REMAND with instructions to enter judgment for the Debtor.

### II  FACTS

The following relevant facts to this decision are undisputed. Between 1981 and 1983, the Debtor received three student loans totalling $13,500, which were guaranteed by Student Assistance and serviced by Education Loan Services, Inc. ("Loan Services"). All three loans first became due on March 31, 1985. The Debtor made payments on the loans until he lost his job on October 31, 1991. He requested an unemployment deferment on November 25, 1991, which was denied. The Debtor made no further payments on the loans.

In May of 1992, more than seven years after the loans first became due, Loan Services sent the Debtor a forbearance agreement to temporarily postpone principal and interest payments for the eight month period from November 1, 1991 to June 30, 1992. The Debtor executed the forbearance agree-

---

1. Honorable Lloyd King, Bankruptcy Judge for the District of Hawaii, sitting by designation.

2. References to Chapter, § , Section or Code are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330.

ment on May 27, 1992.[3]  The Debtor filed his Chapter 7 petition on August 7, 1992.

On May 12, 1994, the case was reopened at the Debtor's request to determine the dischargeability of the student loans.  The loan balance was $6,254.10, plus interest.  The Debtor filed a complaint asserting that the loans became due more than seven years before the petition date and were therefore dischargeable in his bankruptcy.  Student Assistance filed a motion for summary judgment, claiming that because of the forbearance period, the loans were in repayment for only six years, eight months and seven days when the petition was filed and were nondischargeable.

The bankruptcy court determined that the forbearance agreement was valid and that it served as an applicable suspension of the repayment period of the student loan so that the debt was nondischargeable.  The court entered judgment in favor of Student Assistance on March 29, 1995.  The Debtor appeals the judgment.

## III

### ISSUE PRESENTED

Whether the retroactive forbearance agreement was an applicable suspension of the repayment period pursuant to § 523(a)(8)(A).

## IV

### STANDARD OF REVIEW

An order granting summary judgment is reviewed *de novo*.  *Franklin Financial v. Resolution Trust Corp.*, 53 F.3d 268, 271 (9th Cir.1995); *In re Thorson*, 195 B.R. 101, 103 (9th Cir. BAP 1996).  Whether a forbearance agreement is an applicable suspension of the repayment period under § 523(a)(8)(A) is a mixed question of law and fact.  *See In re Bracey*, 170 B.R. 398, 400 (9th Cir. BAP 1994), Whether a forbearance agreement is an applicable suspension of the repayment period under § 523(a)(8)(A) is a mixed question of law and *aff'd in part and*

*reversed in part,* 77 F.3d 294 (9th Cir.1996).  A mixed question is reviewed de novo when it requires consideration of legal concepts in a mix of fact and law.  *In re Safeguard Self-Storage Trust,* 2 F.3d 967, 970 (9th Cir.1993).

## V

### DISCUSSION

This dispute is governed by § 523(a)(8)(A), which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless—

(A) such loan, benefit, scholarship or stipend overpayment first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition;

More than seven years had elapsed between the March 31, 1985 first due date of the loans until either the date the Chapter 7 petition was filed or the date the forbearance agreement was executed.  Therefore, the decision hinges on whether the retroactive forbearance agreement was an "applicable suspension of the repayment period" within the meaning of § 523(a)(8)(A).

At least one court has held that a retroactive suspension does not serve to reduce the seven year period.  *In re Flynn*, 190 B.R. 139 (D.N.H.1995).  The court reasoned that the lender did not exercise any forbearance activities such as waiving interest or foregoing any other rights under the original loan documents.  Instead, the lender simply recognized the fact that payments were not made during that period.  The same analysis is even more compelling under the present

3.  The Debtor claims that he does not recall either receiving or signing the forbearance agreement, but admits that the signature bears a resem-

blance to his.  The debtor also admits that he suffered memory loss as a result of depression which he experienced in 1992.

circumstances. In *Flynn*, the forbearance was for a period which occurred six years before the bankruptcy petition, so arguably the creditor could have engaged in harsher collection activities during that six year period without the forbearance agreement. In this case, the entire seven year period had expired before the forbearance agreement was executed.

The purpose of § 523(a)(8)(A) is to provide the student loan creditor with ample time to collect the debt, time which is unimpaired by an agreement or stay against collection activities. Student Assistance had seven full years to recover the loans made to the Debtor before the agreement was signed. A retroactive application of the agreement would give the lender more than seven years of unhindered collection activity. Student Assistance argued that the execution date of the agreement is irrelevant. Student Assistance explained in its brief and in the transcript of the hearing before the bankruptcy court that the retroactive application is necessary to achieve what they perceive to be the intended purpose of forbearance, which is to prevent a default by the borrower. A default is a concern because it affects the borrower's credit and renders the government liable on the loans.

While the impetus behind the nondischargeability provision included in § 523(a)(8)(A) was to reduce the government's liability on student loans, Congress balanced this concern against the fresh start afforded to debtors under the Bankruptcy Code. The result was a seven year unhindered collection period for the creditor or an undue hardship on the debtor before a debtor could discharge the loans. In this case, the creditor had the full seven years to recover the loans before its collection rights were impaired by the forbearance agreement. Where the seven year period of § 523(a)(8) has completely expired before execution of a forbearance agreement by the debtor, retroactive application of the period of forbearance cannot constitute an "applicable suspension of the repayment period."

Based on the facts supplied in this record, the obligation is dischargeable and the decision of the trial court shall be reversed and remanded. It does not appear that the Debtor had filed a cross motion for summary judgment. A federal court can enter summary judgment *sua sponte*, but only if the losing party has notice that it must come forward with all its evidence. *Celotex v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). There does not appear to be anything to be tried or meaningful evidence that Student Assistance might offer that could lead to a result favorable to Student Assistance.

## VI

### CONCLUSION

The retroactive forbearance agreement entered after Student Assistance had seven unimpeded years to recover the student loans from the Debtor was not an applicable suspension of the repayment period for purposes of § 523(a)(8)(A).

The judgment in favor of Student Assistance is **REVERSED**. This matter is **REMANDED** to the bankruptcy court for entry of judgment in favor of the Debtor.