**In re Raymond L. WOODCOCK, Debtor.**

**Raymond L. WOODCOCK,
Plaintiff–Appellant,**

v.

**CHEMICAL BANK; NYSHESC, as servicing agent for Chemical Bank; Columbia University; and University Accounting Service, as servicing agent for Columbia University, Defendants–Appellees.**

Civil Action No. 96–K–401.
Adversary No. 92–1924 PAC.
Bankruptcy No. 92–1496 DEC.

United States District Court,
D. Colorado.

Sept. 18, 1997.

Raymond L. Woodcock, Rockland, ME, for Plaintiff/Petitioner.

Dolores B. Kopel, Denver, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER ON REMAND

KANE, Senior District Judge.

The debtor, Raymond L. Woodcock, appeals the order of the Honorable Judge Patricia Ann Clark of the United States Bankruptcy Court denying in part his motion for summary judgment and entering judgment in favor of the creditor,[1] New York State Higher Education Services Corporation

---

1. Creditor NYSHESC is effectively the only appellee. The other named appellees did not file briefs and were not parties to the district court proceeding.

(NYSHESC). Woodcock seeks to discharge student loan debts under the Bankruptcy Code which states such debt is not dischargeable unless it first became due more than seven years before the date of the filing of the bankruptcy petition, exclusive of any "applicable suspension of the repayment period." 11 U.S.C. § 523(a)(8)(A). Woodcock contends the bankruptcy court improperly interpreted the phrase "applicable suspension of the repayment period." He also argues that court abused its discretion by ruling on the summary judgment motion without holding a hearing.

Jurisdiction to hear appeals from final orders and judgments of bankruptcy judges exists under 28 U.S.C. § 158(a).

### I. *Procedural Background.*

Woodcock filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 21, 1992. He filed an amended complaint on November 16, 1992, seeking discharge of his four student loans under 11 U.S.C. § 523(a)(8)(A) and (B). The bankruptcy court denied his complaint. This court affirmed. The Tenth Circuit Court of Appeals affirmed denial of discharge for undue hardship under § 523(a)(8)(B), and reversed and remanded for a determination of whether there had been applicable suspensions of the repayment period, thus excepting discharge under § 523(a)(8)(A).

Upon remand, the bankruptcy court granted Woodcock summary judgment in part, holding his fourth loan exceeded the maximum regulatory loan amount and was therefore subject to discharge. The court denied Woodcock summary judgment in part, holding there were applicable suspensions of repayment on his first three loans, excepting the loans from discharge under § 523(a)(8)(A). He appealed to this court. I denied Woodcock's motion for change of venue and dismissed his appeal for failure to prosecute according to the rules of the court. The Tenth Circuit reversed and remanded for failure of this court to state reasons for the dismissal. I elected to address the merits of the case, rather than address the reasons for the dismissal.

### II. *Factual Background.*

Woodcock financed his legal education with four $5,000.00 guaranteed student loans. The loans were guaranteed by NYSHESC. The first loan had an effective date of September 24, 1979, the second of May 21, 1980, the third of June 16, 1981, and the final of April 7, 1982. The first three loans are the subject of this appeal.

After graduating from law school in 1982, Woodcock entered an M.B.A. program, graduating in 1983. He continued attending college on a part time basis through 1990. Between 1983 and 1990, there were numerous written communications regarding the deferment status of Woodcock's loans. The three promissory notes in question state repayment begins at "the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less that a half-time student." Between 1983 and 1990, Woodcock was granted deferment status numerous times upon his showing that he was a half-time student.

### III. *Standard of Review.*

"In reviewing a bankruptcy court decision, one accepts the court's finding of fact, whether based on oral or documentary evidence, unless they are clearly erroneous." *Jobin v. Cervenka (In re M & L Business Machine Co.)*, 194 B.R. 496, 499 (D.Colo. 1996). Conclusions of law are reviewed de novo. *Id.*

### IV. *Merits.*

#### A. *Findings of fact of the Bankruptcy Court.*

Woodcock does not dispute the findings of fact as presented in the February 9, 1996 bankruptcy court order. Nor does his brief address the numerous written communications between the parties as evidenced in the record. There is no basis for a determination that the findings of fact were clearly erroneous.

#### B. *"[A]pplicable suspension of the repayment period" under 11 U.S.C. § 523(a)(8)(A).*

The Bankruptcy Code pertinently provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(a) such loan, benefit, scholarship, or stipend overpayment first became due before more than 7 years **(exclusive of any applicable suspension of the repayment period)** before the date of the filing of the petition....

11 U.S.C. § 523(a)(8)(A) (emphasis added).

■ Woodcock filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 21, 1992. The Tenth Circuit held his loans became due on October 21, 1983. *Woodcock v. Chemical Bank*, 45 F.3d 363, 366 (10th Cir.1995). Thus, the loans became due more than seven years before his bankruptcy filing. Accordingly, unless there was any applicable suspension of the repayment period within the meaning of § 523(a)(8)(A), Woodcock's loans are dischargeable.

Woodcock argues there are four types of deferments available under the terms of the promissory notes and the legislative history limits the "applicable suspension" of repayment to these four specific deferments. Furthermore, even though he requested and received numerous forbearance periods, he asserts they were not deferments under the terms of the note, because he was enrolled in school, but not pursuing a degree. Woodcock argues, without citing authority, because he was not entitled to any deferments under the terms of the note, there was no "applicable suspension" of his repayment period, and thus his debts are dischargeable.

NYSHESC stipulated that there were no deferments according to the terms of the promissory notes. The bankruptcy court held, despite the fact there were no deferments according to the terms of the promissory notes, there were "applicable suspensions" of Woodcock's repayment periods under the holding in *Huber v. Marine Midland Bank (In re Huber)*, 169 B.R. 82 (Bankr.W.D.N.Y.1994).

The issue in *Huber* was whether deferments of student loan payments, obtained by a debtor because he continued in school, should be treated as applicable suspensions if it is later determined that the debtor was not eligible under the law for the deferments he received. The court found "suspension of the repayment period" means extending the term, such as by granting a period by agreement, court order, or operation of law, during which the debtor is not obliged to make payments. *Id.* at 84. Furthermore, the court rejected the view that "applicable suspension" with reference to school deferments means only those deferments that met all governing regulations. It was sufficient that the debtor requested the deferments and received them, and that there was no allegation of bad faith by the lender who granted the deferments. *Id.* at 87.

Here, the promissory notes in question state repayment begins "at the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student." Between 1983 and 1990, Woodcock was granted deferment status numerous times based upon showing he was a half-time student. However, the Tenth Circuit held the first clause "cease to be matriculated," sets the rule that the loan should be repaid when the borrower had stopped pursuing a degree. *Woodcock*, 45 F.3d at 366. The second and third clauses indicate when the borrower's progress toward a degree is insufficient to delay maturity of the loan. *Id.* Between 1983 and 1990, although Woodcock was enrolled at least half-time in school, he had not pursued a degree since he graduated with his M.B.A. in January, 1983. Thus, under the terms of the promissory notes in question, between 1983 and 1990, Woodcock asked for and was granted deferments to which he was not entitled.

Here, the parties by agreement, extended the term of Woodcock's repayment period on six separate occasions between 1983 and

1990. Although Woodcock was not entitled to the extensions, the *Huber* court does not limit deferments to only those that meet all governing regulations. *See Huber,* 169 B.R. at 87. Woodcock asked for and received "deferments." Furthermore, there is no evidence of bad faith on the part of NYSHESC. There is no indication that before the Tenth Circuit ruling determining the meaning of matriculation, either party knew Woodcock was not entitled to deferment.

Woodcock argues *Huber* has nothing in common with the facts of this case, because there the debtor insisted there were deferments. This distinction is of no importance. In *Huber,* the court stated:

> [T]he Debtor's argument lacks equity: a period of deferment is (by definition) a period during which the lender may not seek collection, and it would therefore be an odd and inequitable result if a party who forbears collection activity at the borrowers's request were to be held time-barred from collection as a consequence.

*Huber,* 169 B.R. at 86. The court further stated that waiver or estoppel may be applicable even if the statutory clause "applicable suspension" did not exist. *Id.* Consistent with the holding in *Huber,* I find Woodcock received applicable suspensions of his repayment period. As with *Huber,* his argument lacks equity as well.

### C. *The Hearing Issue.*

Woodcock cites no authority for his assertion that it was an abuse of discretion for the bankruptcy court to rule on his motion for summary judgement without a hearing. He merely states there has been no opportunity for him to present the evidence that might support his side of the events surrounding the applicable suspension issue.

 Denial of an oral hearing is not an abuse of discretion absent a showing of serious prejudice. *Fowler Bros. v. Young,* 91 F.3d 1367, 1377 (10th Cir.1996). The bankruptcy court correctly relied upon Bankruptcy Rules, which pertinently provide "[o]ral argument will not be allowed if . . . the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Bankr.R. 8012.

 Here, the facts as stated in the February 9, 1996 bankruptcy court order are uncontroverted and are evidenced by numerous written communications between the parties. Woodcock filed a memorandum of law on the suspension issue and two reply briefs in support of his summary judgment motion. I am unpersuaded that either the record or decisional process would have been significantly aided by oral argument, or that Woodcock was prejudiced by the denial of oral argument.

### V. *Conclusion.*

For the aforesaid reasons, I deny the appeal and affirm the order of the bankruptcy court.