**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

In re:

RAYMOND L. WOODCOCK,

      Debtor.

---

RAYMOND L. WOODCOCK,

      Plaintiff-Appellant,

v.

No. 97-1374

CHEMICAL BANK; COLUMBIA
UNIVERSITY; UNIVERSITY
ACCOUNTING SERVICE,
as servicing agent for Columbia
University, ATTORNEY GENERAL,

      Defendants,

   and

NYSHESC, as servicing agent
for Chemical Bank,

      Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 96-K-401)**

---

Submitted on the briefs:

Raymond L. Woodcock, pro se.

Dolores B. Kopel, New York State Higher Education Services Corporation, NYSHESC, Denver, Colorado, for Defendant-Appellee.

———————————————

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

———————————————

**BARRETT** , Senior Circuit Judge.

———————————————

Pursuant to 11 U.S.C. § 523(a)(8)(A), certain educational loans are not dischargeable in bankruptcy until seven years after the loan has first become due, "exclusive of any applicable suspension of the repayment period." See also Woodcock v. Chemical Bank (In re Woodcock), 45 F.3d 363, 365 (10th Cir. 1995). The issue presented by this appeal [*] is whether the creditor's extension of the repayment period, at the debtor's request, based upon the creditor's mistaken determination that debtor's loans had not yet become due and owing, was an "applicable suspension of the repayment period" excludable when calculating § 523(a)(8)(A)'s seven-year nondischargeability period. We conclude that it is.

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant seeks to discharge three student loans that he obtained from Chemical Bank to finance his pursuit of law and master of business degrees. Appellee New York State Higher Education Services Corporation (NYSHESC) guaranteed these loans.

Appellant graduated from law school in 1982 and business school in January 1983. From 1983 through part of 1990, he enrolled in several colleges and universities on a part-time basis. During this time, appellant continually requested, and appellee and the lender granted, his requests for deferment of the repayment of his loans, based upon his part-time student status. Because he had not enrolled in a degree program subsequent to his graduation from business school, however, he was no longer matriculated. Therefore, under the terms of the promissory notes, his loans became due and owing in October 1983, following a nine-month grace period. See In re Woodcock, 45 F.3d at 366-67. Based upon appellant's requests, therefore, appellee and the lender granted appellant deferments to which he was not entitled under the terms of the promissory notes. See id. at 365-67.

Appellant filed for Chapter 7 bankruptcy relief on April 21, 1992, more than seven years after his loans first became due. This debt, therefore, is dischargeable unless there was an "applicable suspension of the repayment period" under § 523(a)(8)(A). The bankruptcy court granted appellee summary

-3-

judgment, determining that the extension of the repayment period, although mistaken, was nevertheless, an "applicable suspension" tolling the running of § 523(a)(8)(A)'s seven-year period of nondischargeability. The district court affirmed. See Woodcock v. Chemical Bank (In re Woodcock), 212 B.R. 658 (D. Colo. 1997). Appellant appeals.

In reviewing the district court's decision affirming the bankruptcy court's determination, this court will apply the same standards of review employed by the district court. See Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.), 111 F.3d 88, 89 (10th Cir. 1997). We, therefore, review de novo the bankruptcy court's decision granting appellee summary judgment. See American Bank & Trust Co. v. Jardine Ins. Servs. Tex., Inc. (In re Barton Indus., Inc.), 104 F.3d 1241, 1245 (10th Cir. 1997).

Appellant argues that, because he was not entitled to the deferments he requested and received, they are not "applicable suspension[s]" excludable under § 523(a)(8)(A). We disagree. The plain language of the statute is not as narrow as appellant asserts. See Huber v. Marine Midland Bank, N.A. (In re Huber), 169 B.R. 82, 83-84, 86-87 (Bankr. W.D.N.Y. 1994). See generally Flynn v. New Hampshire Higher Educ. Assistance Found. (In re Flynn), 190 B.R. 139, 142 (Bankr. D.N.H. 1995) (rejecting argument that § 523(a)(8)(A)'s reference to "applicable suspension" incorporates provisions of regulations and statutes

governing guaranteed student loans).  Interpreting § 523(a)(8)(A) broadly,

see Virginia v. Gibson (In re Gibson), 184 B.R. 716, 718 (E.D.Va. 1995) (citing

cases), aff'd, 86 F.3d 1150 (4th Cir. 1996) (Table), the plain meaning of the

phrase "suspension of the repayment period" refers to an extension of the term

of the loan by granting a period of time during which the debtor is not obligated

to make payments.  See In re Huber, 169 B.R. at 84; see also Shryock v. Pittsburg

State Univ. (In re Shryock), 102 B.R. 217, 219 (Bankr. D. Kan. 1989) (broadly

interpreting the term "suspension," under prior version of § 523(a)(8)(A) that

provided five-year period of nondischargeability, as including "any time the

original repayment period is set aside either by cessation of payments or

modification of payments").

Section 523(a)(8)(A)'s legislative history supports this interpretation.

See In re Huber, 169 B.R. at 84.  In drafting this statute, Congress sought to

insure that a debtor not be able to manipulate deferments in order to defeat the

period of nondischargeability.  See Williams v. United States Dep't of Educ.

(In re Williams), 195 B.R. 644, 647 (Bankr. N.D. Tex. 1996).  Congress did not

intend to allow student loans to be discharged in bankruptcy without some effort

on the debtor's part to repay those loans.  See id. at 646-47; see also Law v. The

Educational Resources Inst., Inc. (In re Law), 159 B.R. 287, 291 (Bankr. D.S.D.

1993) (noting strong policy against permitting debtors to escape repayment of student loans underlies § 523(a)(8)(A)).

> The only cases in which courts have found that a cessation of payments was not an "applicable suspension" are cases involving unilateral action by the lender. The rationale behind this exception is that the borrower should not be penalized for the lender's extension of the payment period, when the borrower did not request such an extension.

In re Gibson, 184 B.R. at 719 (citing cases, which have been omitted here). There is no question in this case, however, that the extension of the repayment period was the result of appellant's requests. See In re Huber, 169 B.R. at 86-87 and 87 n. 11 (discussing importance of fact that debtor requested deferment to which he was not entitled). Further, appellant has not shown that appellee, in granting the requested extensions, acted in bad faith. See id. at 87.

Therefore, the period of time during which appellee and the lender granted appellant's requests for deferment, based upon his status as a part-time student, is an "applicable suspension of the repayment period" excludable under § 523(a)(8)(A), even though appellant was not entitled to such a deferment pursuant to the terms of the promissory notes. See In re Huber, 169 B.R. at 83, 86-87. In light of this, the student loans at issue had not first become due more than seven years prior to appellant's filing for bankruptcy relief. These debts, accordingly, are not dischargeable under § 523(a)(8)(A).

Appellant's remaining procedural arguments lack merit.  We, therefore, AFFIRM the judgment of the United States District Court for the District of Colorado.  We DENY appellant's requests for an award of attorney fees and costs, and for reimbursement of his filing fees.