**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: CONSOLIDATED
INVESTMENT SERVICES, INC.,

     Debtor.

_____

STEPHEN E. SNYDER, as Trustee for
the Liquidation of Consolidated
Investment Services, Inc.,

     Plaintiff-Appellee,

v.

NORMAN P. ROUNDS,

     Defendant-Appellant.

No. 00-1306

(D.C. No. 99-D-1177)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, BALDOCK,** and **LUCERO**, Circuit Judges.

Defendant Norman P. Rounds, the president of Consolidated Investment

Services, Inc. (CIS), and the sole shareholder of Cavalier Group, Inc. (CGI), the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

corporate parent of CIS, appeals the judgment entered against him in the bankruptcy court and affirmed by the district court. We have jurisdiction under 28 U.S.C. § 158(d)[1] and 28 U.S.C. § 1291 and affirm.

## I.

In June 1995, a Texas state court entered a money-damages judgment for $8,728,248.31 against, inter alia, CIS, CGI, and Rounds, jointly and severally. Shortly thereafter, on application by the Securities Investor Protection Corporation (SIPC), a federal district court in Colorado appointed a trustee to liquidate CIS's business and then removed the liquidation case to the United States Bankruptcy Court for the District of Colorado for further proceedings.[2]

In or about June 1998, the Texas state-court plaintiffs assigned the trustee an undivided 50% interest in and to the portion of the judgment entered against Rounds and CGI. Further, the plaintiffs and the trustee agreed to share equally in "all sums collected against Norman P. Rounds and/or Cavalier Group, Inc., . . . without regard to

---

[1]28 U.S.C. § 158(d) provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." Subsection (a) provides: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees [of the bankruptcy courts.]" 28 U.S.C. § 158(a)(1).

[2]The district court had the authority to do so pursuant to 15 U.S.C. §§ 78eee(b)(3) and (b)(4). Liquidation proceedings are conducted under Chapter 7 of the United States Bankruptcy Code. See 15 U.S.C. § 78fff(b).

who is responsible for causing the funds to be collected." Aplt. App. at 68 ¶ 5. Although the plaintiffs retained a 50% interest in the judgment against Rounds and CGI after this transaction, between June 1998 and January 1999, the plaintiffs assigned part of this interest to SIPC. On or about January 13, 1999, the plaintiffs assigned their remaining interest in the portion of the judgment entered against Rounds and CGI to Rounds.

On February 4, 1999, the trustee filed this action seeking both declaratory and injunctive relief. The trustee sought a declaration that Rounds, as a judgment debtor liable on the judgment, was precluded from succeeding to the rights of the plaintiffs with respect to the remaining interest in the judgment entered against Rounds and CGI, or, in the alternative, that the assignment of the remaining interest to Rounds extinguished that interest. The trustee also sought to enjoin Rounds from collecting or enforcing any interest in the judgment. Rounds answered, arguing "the Trustee stands in the shoes of CIS and as a co-judgment debtor of Rounds and Cavalier may not enforce the judgment assigned to him against them." Aplt. App. at 42 ¶ 20. In the alternative, he alleged "the two assignments cancel one another out," id., *i.e.*, combined, the two assignments served to extinguish the judgment against Rounds and CGI.

The bankruptcy court ruled in favor of the trustee and judgment was entered against Rounds. After a de novo review of the case, the district court affirmed the

3

bankruptcy court and entered judgment against Rounds.

## II.

"In reviewing the district court's decision affirming the bankruptcy court's determination, this court will apply the same standards of review employed by the district court. We, therefore, review de novo the bankruptcy court's decision granting appellee summary judgment." In re Woodcock, 144 F.3d 1340, 1342 (10th Cir. 1998) (citations omitted).

## III.

After a thorough review of the briefs and the record, we conclude that judgment was properly entered against Rounds for substantially the same reasons set forth in the bankruptcy opinion filed June 14, 1999, and the district court opinion filed July 27, 2000.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4