**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

ALLAN R. CRUMP and
SHIRLEY A. CRUMP,

      Debtors.

_____

ALLAN R. CRUMP,

      Plaintiff-Appellant,

   and

SHIRLEY A. CRUMP,

      Plaintiff,

v.

UNITED STATES OF AMERICA;
MICHAEL PIPPIN; JUDY PIPPIN,

      Defendants-Appellees,

   and

SALLY J. ZEMAN, Chapter 13
Trustee,

      Defendant.

No. 01-1069
(D.C. No. 94-Z-2530)
(D. Colo.)

## ORDER AND JUDGMENT [*]

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

Appellant Allan R. Crump, proceeding pro se, appeals the district court's order affirming the bankruptcy court's order quieting title in real property. The property in question was Crump's residence, which the Internal Revenue Service ("IRS") seized to pay his tax debt. At the IRS auction of Crump's residence, appellees Michael Pippin and Judy Pippin ("Pippins") were the successful bidders. Crump filed for bankruptcy on the eve of the auction, so the underlying quiet title action was filed as an adversary proceeding in the bankruptcy court. Following the bankruptcy court's entry of a summary judgment that quieted the title in the Pippins, Crump appealed to the district court. We review the district court's order affirming the bankruptcy court's entry of summary judgment and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal, Crump asserts that the sale of his residence was void because the IRS failed to adhere strictly to the procedures dictated by statute. He claims (1) service of the notices of seizure and sale did not comport with due process because the notices were merely taped to the door of his residence, (2) the public notice of the sale was not published in an appropriate publication, (3) the IRS improperly changed the venue of the auction to a county other than the county in which the property was located, and (4) the auction was conducted by an unauthorized private party.

"In reviewing the district court's decision affirming the bankruptcy court's determination, this court will apply the same standards of review employed by the district court. We, therefore, review de novo the bankruptcy court's decision granting appellee[s] summary judgment." Woodcock v. Chem. Bank (In re Woodcock), 144 F.3d 1340, 1342 (10th Cir. 1998) (citations omitted).

**I**

Appellant claims that service of the notices of seizure and sale did not comply with 26 U.S.C. § 6335(a)–(b) and violated his due process rights. The statute states the notices

> shall be given by the Secretary [of the Treasury] to the owner of the property . . . or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address.

-3-

§ 6335(a);  see also  § 6335(b); 26 C.F.R. § 301.6335-1(a)–(b).

Crump represents that he was neither served the notices personally, nor were they left with any person of competent age and discretion.  The IRS counters that IRS Revenue Officer Sharon Quinn delivered the notices to the Crump residence by placing them in an envelope and taping the envelope to the front door of the residence on November 3, 1993.  In response, Crump denies receiving the notices and argues that the posting of the notices on the door of the property does not satisfy the service requirements of 26 U.S.C. § 6335(a)–(b).  He maintains that this statute should be interpreted to require that the documents be left with a person of competent age and discretion who resides at the abode.  The statute, however, does not require this, it only requires that the noticed "be left at [the] usual place of abode . . . where the seizure is made."  26 U.S.C. § 6335(a).

To the extent Crump claims posting of notice can never comport with due process requirements, the Supreme Court has rejected this position.  As noted in Greene v. Lindsey  ,

> [s]hort of providing personal service, then, posting notice on the door of a person's home would, in many or perhaps most instances, constitute not only a constitutionally acceptable means of service, but indeed a singularly appropriate and effective way of ensuring that a person who cannot conveniently be served personally is actually apprised of proceedings against him.

456 U.S. 444, 452–53 (1982).  Crump does not allege that the posting of the notices on the door of his residence was not a " reliable means of acquainting

interested parties of the fact that their rights are before the courts." Id. at 454. (internal quotations omitted). Absent such a showing, Crump has not demonstrated that minimum standards of due process have been denied. Because the IRS served the notices of seizure and sale as required by § 6335(a)–(b) and Crump has not demonstrated a due process violation, summary judgment was appropriate on this ground.

## II

The Secretary is required to "cause a notification [of the sale] to be published in some newspaper published or generally circulated within the county wherein such seizure is made." 26 U.S.C. § 6335(b). We are urged to conclude that the auction sale was void because one public notice of the sale was not published in a publication of general interest and the other was not published by the Secretary of the Treasury. Notices were published in two newspapers, The Daily Journal and The Denver Post. Contending that The Daily Journal is aimed at the construction trade, appellant complains that placing notice of the sale in this publication did not comport with the statute because it is not a publication of general interest. The notice published in The Denver Post was inadequate, according to Crump, because it was placed by the private firm that conducted the auction rather than the Secretary. There is no dispute that The Denver Post is a newspaper of general interest and circulation.

-5-

The statute requires the Secretary to " _cause_ a notification to be published," it does not require that the Secretary actually place every notice.  Accordingly, publication in _The Denver Post_ was sufficient.  Furthermore, the bankruptcy court took judicial notice that _The Daily Journal_ is published and generally circulated in the county where the real property was seized.  Therefore, publication in _The Daily Journal_ also satisfied the statutory requirements of 26 U.S.C. § 6335(b).  We conclude that the notification of the sale was properly published.

## III

Statutory requirements necessitate that "[t]he place of sale shall be within the county in which the property is seized, except by special order of the Secretary."  26 U.S.C. § 6335(d).  Regulations allow the relevant district director to order the sale outside of the county where the property is located if it appears that substantially higher bids could be obtained outside of the county.  26 C.F.R. § 301.6335-1(c)(1).

The record refutes Crump's claim that the IRS did not issue a "special order" or determine that substantially higher bids could be obtained in a different county.  The authority to change the sale venue was properly delegated to the group manager.  By signing the notice of public auction sale, Form 2434, the group manager authorized the sale of the Crump residence to take place in a different county. (R. Vol. I, Doc. 24;  _id._, Vol. II, Doc. 45, at 111.)  The

delegation order provides that signing a Form 2434 approves a sale outside the county in which the property was seized. Accordingly, the Form 2434, together with the delegation order, qualifies as the "special order" required by the statute. Additionally, the IRS determined that the Crump residence would be "more likely to receive higher bids and more money for the taxpayer's interest" if it were put in an upcoming auction in a different county. (R. Vol. I, Doc. 19, Ex. F.) This statement satisfies the requirement that the district director conclude that substantially higher bids may be obtained if the sale is held outside of the county of seizure. No particular procedure or documentation is required. Therefore, the sale in a county other than the county of seizure was authorized.

## IV

Appellant contends that the seizure and sale of his property was void because the auction was conducted by a private party, rather that the Secretary or a delegate. The law does not require that the auction be conducted by the Secretary or a delegate. Pertinent statutory provisions require only that the Secretary "prescribe the manner and other conditions of the sale of property seized by levy." 26 U.S.C. § 6335(e)(2). The regulations prescribing the manner and conditions of the sale do not prohibit the Secretary from using the services of a private auctioneer. See 26 C.F.R. § 301.6335-1(c). Accordingly, summary judgment was appropriate on this ground.

The judgment is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge