In re Eric J. PILYA, Shawna M. Pilya, Debtors.

Eric J. Pilya, Shawna M. Pilya, Plaintiffs,

v.

Commissioner, Internal Revenue Service, Defendant.

Bankruptcy No. 01–53703.
Adversary No. 01–02426.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 6, 2002.

Gregory G. Lockhart, United States Attorney, by Jennifer L. Henderson, Assistant United States Attorney, Columbus, OH, for United States of America, Internal Revenue Service.

Michael T. Gunner, Hilliard, OH, for plaintiffs/debtors.

### OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of the United States of America, the defendant, herein for summary judgment. The plaintiffs opposed the motion, and the defendant filed a reply memorandum.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

The plaintiffs are the debtors in the underlying bankruptcy case. They filed a petition for relief under chapter 7 of the Bankruptcy Code on April 13, 2001, and received a discharge on or about August

13, 2001. After their case was closed, the plaintiffs filed a motion to reopen in order to bring a proceeding to determine whether their remaining federal income tax liabilities for tax years 1995 and 1996 had been discharged. On October 26, 2001, the Court reopened their case.

The plaintiffs commenced this adversary proceeding against the Commissioner, Internal Revenue Service. By separate order, the Court dismissed the Commissioner of Internal Revenue and substituted the United States of America as the proper defendant. The United States timely answered the complaint and the parties submitted a joint pretrial order.

Bankruptcy Rule 7056 states that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. That rule provides in relevant part that a defendant party may, at any time, move, with or without supporting affidavits, for summary judgment. When such a motion is made and supported as provided in this rule, the adverse party must set forth specific facts showing that there is a genuine issue for trial. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, the Court shall grant summary judgment.

The defendant supported its motion for summary judgment with the affidavit of Gary R. Shuler, Jr. Mr. Shuler is an attorney employed by the Office of Chief Counsel for the Internal Revenue Service. The plaintiffs did not file or serve any opposing affidavits and their response to the summary judgment appears to be a legal argument.

The pleadings and the affidavit of Mr. Shuler, together with their attachments, establish the following undisputed facts:

1. The debtors obtained an extension of time until October 15, 1996, to file their 1995 federal income tax return. They further executed on December 15, 1998, a consent form extending the time for the Internal Revenue Service to assess additional income taxes for the 1995 tax year until December 31, 2000.

2. The plaintiffs filed a joint 1995 federal income tax return showing a total tax due of $7,672. Based on withholdings of $7,855, the plaintiffs claimed a refund of $183. The Internal Revenue Service assessed the plaintiffs' 1995 income tax liability at $7,672, credited their withholdings of $7,855, and issued a refund check to the plaintiffs for the $183.

3. The plaintiffs filed a joint 1996 federal income tax return on or before April 15, 1997. This return showed a total tax due of $6,358 and total withholdings of $8,206. The plaintiffs claimed a refund of $1,848. Following receipt of the plaintiffs' 1996 return, the Internal Revenue Service assessed the plaintiffs' tax liability at $6,358, credited them with $8,206 in withholdings, and applied the resulting $1,848 overpayment to the plaintiffs' 1993 tax liability.

4. The Internal Revenue Service later determined that the correct tax liability of the plaintiffs for tax years 1995 and 1996 exceeded the amounts shown on the plaintiffs' returns. On August 19, 1999, the Internal Revenue Service sent the plaintiffs a notice of deficiency for tax years 1995 and 1996. The notice of deficiency informed the plaintiffs that they owed a deficiency of $5,162 for 1995 and $3,738 for 1996.

5. The plaintiffs challenged the notice of deficiency by filing a timely petition with the United States Tax Court on November 19, 1999. The tax court proceeding has not been resolved and remains pending.

 Title 11, United States Code, Section 523(a), provides in pertinent part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in ... section 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed....

11 U.S.C. § 523(a)(1)(A).

Section 507(a)(8)(A) includes federal income taxes for which a timely, non-fraudulent return was filed that were not assessed before the commencement of a bankruptcy case, but which are assessable under applicable law or by agreement after the commencement of such case. The plaintiffs contend that the additional taxes for 1995 and 1996 were never assessed and are no longer assessable because the time period for making an assessment had already expired before they filed their chapter 7 petition.

The undisputed facts and applicable law do not support the plaintiffs' argument. Section 6501 of the Internal Revenue Code limits the assessment of any tax to a period within 3 years after the return was filed unless before the expiration of the 3 years, the parties had consented in writing to an extension. Moreover, Section 6503(a) suspends the running of this statute of limitations for any period during which the Internal Revenue Service is prohibited from making an assessment and for 60 days thereafter.

There can be no question that the notice of deficiency was mailed to each of the plaintiffs within 3 years of the date they filed their 1996 return. It is also clear that the notice of deficiency was mailed within 3 years of the date the plaintiffs consented in writing to the extension of time for the Internal Revenue Service to make an assessment for the 1995 tax year. Therefore, the Court concludes as a matter of law that the statute of limitations for making an assessment had not expired when the Internal Revenue Service mailed its notice of deficiency.

Once the notice of deficiency was mailed, 26 U.S.C. § 6513 restricted the Internal Revenue Service from making an assessment for 90 days. Because the plaintiffs then filed their petition for redetermination during this 90-day period, the statute further bars the making of the assessment until the decision of the Tax Court becomes final. Therefore, contrary to the plaintiffs' argument, the statute of limitations for the assessment of the additional taxes for 1995 and 1996 will not run until 60 days after the final decision by the Tax Court.

The Court, thus, concludes as a matter of law that the $5,162 deficiency for 1995 and the $3,738 deficiency for 1996 remain assessable for purposes of 11 U.S.C. § 523(a)(1)(A)(iii). *See In re Bracey*, 77 F.3d 294 (9th Cir.1996) (per curiam). Accordingly, these amounts were not discharged by the order of discharge issued on or about August 13, 2001. *See id.* at 295–96.

Based on the foregoing, the motion of defendant United States of America for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**